In the Matter of JEROME J. ERLIN (Admitted as JEROME ERLIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 10, 1987

### APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel *(Michael A. Gentile,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Petitioner, the Departmental Disciplinary Committee for the First Department, seeks an order suspending respondent from practice pursuant to 22 NYCRR 603.4 (e) (1) (i) pending resolution of the charges against him.

Respondent was admitted to practice in the Second Department on May 8, 1958 and maintains an office for the practice of law in the First Department.

On March 24, 1986, the Committee received a complaint which charged respondent with neglect and professional misconduct in connection with a landlord-tenant matter. The Committee mailed a copy of the complaint to respondent on April 4, 1986, requesting the submission of a written answer. No response was received either to this letter or to a follow-up letter on May 1, 1986. On May 14, 1986, the Committee sent a third letter, reminding respondent of his failure to answer the complaint, requesting response by May 21, 1986 and referring him to recent Appellate Division decisions which had suspended attorneys for failure to cooperate with the Committee in its investigation (*Matter of Mandel,* 94 AD2d 278; *Matter of Staller,* 94 AD2d 119; *Matter of Swirsky,* 93 AD2d 127). No response was ever received from respondent.

On November 6, 1986, a judicial subpoena duces tecum, issued by this court, was personally served upon respondent, directing him to appear at the Committee's offices on November 12, 1986 and to produce his complete file in connection with the complaint. Respondent neither appeared nor requested an adjournment and, to date, has not communicated with the Committee. Respondent has similarly defaulted on this application to suspend him from the practice of law until such time as the matter pending before the Committee has been concluded.

Under the circumstances, the motion to suspend should be granted. Respondent's total disregard of the letter inquiries and the subpoena clearly establishes a failure to cooperate with the Committee in its investigation. Accordingly, on that basis, pursuant to 22 NYCRR 603.4 (e) (1) (i), respondent should be suspended from the practice of law forthwith until such time as the complaint against him has been finally disposed of and until the further order of this court.

SANDLER, J. P., ROSS, ASCH, KASSAL and WALLACH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York effective March 10, 1987, until such time as the complaint against him has been finally disposed of and until the further order of this court.