794 P.2d 135

**In the Matter of a Member of the State Bar of Arizona, Edwin Pierce YOUNG, Jr., Respondent.**

No. SB–90–0026–D.

Disc. Comm. Nos. 88–0441, 86–1243, 87–1636, 88–1128, 88–0407, 87–1258, 88–0034 and 84–0981.

Supreme Court of Arizona, En Banc.

June 26, 1990.

Edwin Pierce Young, Jr., Tempe, pro se.

State Bar of Arizona by Margaret D. White, Suzette I. Pintard, Phoenix, for respondent.

## OPINION

FELDMAN, Vice Chief Justice.

On April 19, 1990, Edwin P. Young (respondent) filed a consent to disbarment with this court in response to a formal complaint filed against him by the State Bar of Arizona. We have jurisdiction over this matter under Rule 53(e), Ariz.R.Sup. Ct., 17A A.R.S. (hereafter Rule ___).

## FACTS

On October 6, 1989, the State Bar of Arizona filed a formal complaint before Hearing Committee 6G against respondent, charging him with nine counts of violations of the Arizona Rules of Professional Conduct. Briefly summarized, respondent was charged with numerous infractions involving, *inter alia:* failure to provide competent legal representation; neglect; failures to appear in court; failure to comply with court orders and rules; filing unsupported pleadings; misappropriation of clients' funds; counseling clients to engage in fraudulent conduct; engaging in fraudulent conduct; making false statements of material fact to the tribunal; failure to pay a judgment obtained against him by his clients; failure to timely respond to bar complaints and failure to cooperate with bar investigations; and failure to respond to the State Bar's requests for information.

Respondent was charged with violations of the following rules: former Rule 29(a), particularly DR 1–102(A)(1), (4), (5) and (6); DR 5–101; DR 5–105(A), (B), and (C); DR 6–101(A)(2), (3); DR 7–101(A)(1), (2), and (3); DR 7–102(A)(2), (3) through (8); DR 7–106(A); and DR 9–102(A)(2) and (B)(3) and (4). For matters occurring after February 1, 1985, respondent was charged with violations of Rule 42, particularly ER 1.1, ER 1.2, ER 1.3, ER 1.4, ER 1.5, ER 1.7, ER 1.8, ER 1.9, ER 1.15, ER 1.16(d), ER 3.3, ER 3.4(b), ER 4.1(b), ER 4.3, ER 8.1(b), and ER 8.4; and Rule 51(h).

This case has a unique procedural posture. Normally, discipline cases reach this court after a complaint is filed and after the State Bar holds hearings and issues recommendations. This case did not follow the normal sequence of events. On April 19, 1990, respondent filed a consent to disbarment with this court pursuant to Rule 56(b). He acknowledged that the State Bar had filed a formal complaint against him, that the charges made therein were true, that he could not successfully defend against the charges, and that he therefore did not wish to contest the charges but wished to voluntarily consent to disbarment.

Pursuant to Rule 63(c), respondent was entitled to thirty days from the entry of the order of disbarment to wind up his practice prior to the disbarment becoming effective. On April 19, 1990, respondent and the State

Bar filed a stipulation with this court, agreeing that respondent be granted an additional thirty days to wind up his practice.

After reviewing the consent to disbarment and the stipulation regarding respondent's consent to disbarment, this court entered an interim order on April 26, 1990 disbarring respondent effective June 25, 1990. The order appointed James H. Keppel, a deputy Maricopa County Attorney who volunteered to assist in this matter, to monitor the winding up of respondent's practice and his compliance with Rule 63. The order directed respondent to submit certain information to the court and to Mr. Keppel no later than May 7, 1990. Pursuant to Rule 53(e)(3), costs incurred by the State Bar in its investigation of these charges were assessed against respondent, in an amount to be determined in a subsequent order based on information to be furnished to this court by the State Bar.

Upon respondent's failure to comply with the terms of the April 26, 1990 order, this court entered an order on May 11, 1990 summarily disbarring respondent as of that date and appointing a conservator to protect the interests of his clients.

## DISPOSITION

Respondent has been disbarred. Pursuant to Rule 53(e)(3), respondent shall pay $11,480.59 in costs and expenses to the State Bar of Arizona. In addition, we order respondent to pay restitution to the victims of his misconduct in an amount to be ascertained and recommended by the State Bar, and to be imposed by later order.

GORDON, C.J., and CAMERON, MOELLER, and CORCORAN, JJ., concur.