419 S.E.2d 4

THE COMMITTEE ON LEGAL ETHICS OF THE WEST VIRGINIA STATE BAR, Complainant,

v.

Joseph R. MARTIN, a Suspended Member of the West Virginia State Bar, Respondent.

No. 20859.

Supreme Court of Appeals of West Virginia.

Submitted March 3, 1992.

Decided June 1, 1992.

Maria Marino Potter, Charleston, for Committee on Legal Ethics of West Virginia State Bar.

George M. Cooper, Sutton, for respondent.

WORKMAN, Justice.

This is an attorney disciplinary proceeding in which the Committee on Legal Ethics of the West Virginia State Bar (hereinafter referred to as the Committee) on October 19, 1991, recommended, based upon a finding that respondent Joseph Martin violated Rule 8.1(b) of the West Virginia Rules of Professional Conduct[1], that respondent be ordered to cooperate with the office of Bar Counsel in completing the investigation of Edgar Cobb's complaint; that discipline be imposed in the form of a public reprimand; and that the respondent be ordered to pay the costs of the proceeding. After examining the record before us, we agree with the Committee's recommendation.

On August 7, 1989, the West Virginia State Bar (hereinafter referred to as the Bar) received an ethics complaint concerning the respondent from Edgar E. Cobb. In the complaint, Mr. Cobb alleged that the respondent failed to prepare and to enter a final order which accurately reflected the lower court's rulings in a divorce action in which the respondent was retained to represent him. According to Mr. Cobb, the respondent abandoned his representation of him before the scope of that representation was complete.

On August 16, 1989, then Bar counsel Jack Marden sent the respondent, now living in North Carolina,[2] a copy of Mr.

---

1. This rule of professional conduct will also be referred to simply as Rule 8.1(b) when discussing its application in other jurisdictions. In those situations, Rule 8.1(b) is substantially the same as Rule 8.1(b) of the West Virginia Rules of Professional Conduct.

2. The respondent lived outside the subpoena power of the Committee. *See* article VI, § 9 of the By–Laws of the West Virginia State Bar.

Cobb's complaint and asked for a written response. Additional letters requesting that the respondent answer the allegations in the complaint were sent to the respondent by either Mr. Marden or the assistant disciplinary counsel, Cynthia Gustke, on September 27, 1989, October 17, 1989, November 7, 1989, November 14, 1989, November 20, 1989, and December 27, 1989. The respondent never submitted a written response to the Bar.

Moreover, Mr. Marden's legal assistant, Ms. Jane Plymal, telephoned the respondent on September 6, 1989. During this conversation, the respondent indicated that he would mail a response within the next week. The respondent made similar representations when Ms. Plymal called on December 12, 1989, and January 18, 1990.

The respondent testified at the April 20, 1991, hearing before a hearing panel subcommittee of the Committee. The respondent admitted that he had not responded in writing to the allegations in the complaint made by Mr. Cobb. The respondent's testimony indicated that he had moved to North Carolina due to extreme financial problems. He testified that to avoid costs of day care for his two children, he worked nights as an auditor at a motel and took care of his children during the day while also trying to sleep. His testimony further revealed that he suffered from emotional problems for which he sought counselling, although he attributed most of these problems to his financial situation. According to the respondent, it was a combination of these factors which kept him from doing much of anything else, including responding to the inquiries of the Bar.

This is a case of first impression because we have never before interpreted the scope of West Virginia Rule of Professional Conduct 8.1(b) in the context of an attorney disciplinary proceeding. We also have never before discussed the ramifications for violating this particular rule.

West Virginia Rule of Professional Conduct 8.1(b) provides that

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

. . . .

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6 [attorney-client privilege].

This rule is significant to investigations[3] conducted by the Committee, because even though the Committee has the power to subpoena[4] an uncooperative attorney or require that attorney to produce requested documents, in this case the respondent was beyond the Committee's subpoena power. Further, an onerous burden would be placed on the attorney disciplinary system of this State if every time an ethics complaint was filed, the Committee was confronted with forcing the attorney to respond by issuing a subpoena.

It is helpful to examine the decisions of other jurisdictions which have invoked Rule 8.1 in determining how to deal with an attorney who blatantly refuses to respond to investigative inquiries by the Committee when an ethics complaint has been filed against him. For instance, in *In re Stricker*, 808 S.W.2d 356, 357 (Mo.1991), the attorney was charged with, among other things, failure to cooperate with the bar committee in its investigation of an ethics complaint made against him.

Upon receipt of the ethics complaint, the bar committee sent a letter to attorney Stricker requesting him to respond in writing to the allegations within ten days. The attorney failed to respond. *Id.* at 357.

The master who conducted the disciplinary hearing found that since the attorney

---

**3.** The Committee is empowered with the responsibility of investigating every complaint filed concerning legal ethics. Article VI, § 4 of the By-Laws of the West Virginia State Bar.

**4.** *See* article VI, §§ 8 and 9 of the By-Laws of The West Virginia State Bar.

had failed to respond to this particular allegation by the bar committee, it was deemed admitted. However, the master recommended that the Supreme Court of Missouri take no further action because the complainant had failed to prove the underlying allegations by a preponderance of the evidence. *Id.*

The Missouri Supreme Court took a different view of the attorney's violation of Rule 8.1 and opined that

[t]his case illustrates the rationale underlying ... [Rule 8.1]. Had Mr. Stricker responded to the bar committee's letter and provided the evidence that he later presented at the disciplinary hearing, the matter could have been resolved promptly. The duty to cooperate with the committee is not dependent upon the merits of the complaint. Mr. Stricker's failure to cooperate constitutes a violation of *Rule 8.1.*

*Id.* at 357–58. Due to this violation coupled with violations of other disciplinary rules, the attorney's license was suspended, and he was ordered to pay the costs of the proceeding. *See In re Erlin,* 126 A.D.2d 83, 513 N.Y.S.2d 1 (1987) (attorney suspended from practice of law until such time as ethics complaint against him was disposed of, for attorney's failure to respond to disciplinary committee's letter inquiries and subpoena duces tecum); *In re Haws,* 310 Or. 741, 801 P.2d 818 (1990) (attorney's suspension from practice of law was stayed and attorney placed on two-year probation with condition that he respond fully to investigative inquiries as discipline for failure to cooperate with bar investigation of ethics complaint).

Likewise, in *Flint's Case,* 133 N.H. 685, 582 A.2d 291 (1990), the committee on professional conduct filed a petition against attorney Flint charging him with failing to handle client matters adequately and failing to respond to requests for information by the committee. The Supreme Court of New Hampshire found that the attorney had on four occasions failed to respond to requests for information by the committee. 582 A.2d at 293. Additionally, the attorney had a history of refusing to cooperate with the committee in its investigation of ethics complaints against him. *Id.*

Consequently, the court found that Flint's "callous disregard for the Committee on numerous occasions, in conjunction with his inattention to and dishonesty with clients, is egregious behavior warranting disbarment." *Id.; see People v. Fahrney,* 791 P.2d 1116 (Colo.1990) (attorney disbarred for various ethical violations including failure to cooperate with grievance committee by not responding twice to request for information); *Attorney Grievance Comm'n of Maryland v. Manning,* 318 Md. 697, 569 A.2d 1250 (1990) (neglect of clients' matters, failure to communicate with clients and failure to cooperate in disciplinary proceedings by failing to respond to bar counsel's request for information in investigation of ethics complaints warrants disbarment).

Moreover, in *In re Galusha,* 164 Ariz. 503, 794 P.2d 136 (1990), the attorney was ordered disbarred for causing his client to lose legal rights through inaction and for failing to respond to a bar inquiry and complaint. Particularly, the Arizona State Bar advised Galusha of an ethics complaint filed against him by sending the attorney three separate letters asking for a written response each time. 794 P.2d at 137. The attorney repeatedly failed to respond to the letters concerning the complaint. *Id.*

Under Rule 53(c) of the Rules of the Arizona Supreme Court,[5] the allegations in the underlying complaint were deemed admitted after the attorney was personally served with a copy of the formal complaint and a notice of the disciplinary hearing. *Id.* As a result of the disciplinary hearing, the attorney was found to have violated various disciplinary rules including Rule

5. Rule 53(c) of the Rules of the Arizona Supreme Court provides, in pertinent part, that:
  1. *Answer.* Respondent shall file an answer and serve copies upon bar counsel and members of the committee within twenty days after service of the complaint unless the time is extended by the chairman of the committee. In the event respondent fails to answer within the prescribed time, the complaint shall be deemed admitted.

**344**

8.1. *Id.; see also In re Evans,* 661 P.2d 171, 175 (Alaska 1983).

In upholding the recommendation of the disciplinary committee that the attorney be disbarred, the Supreme Court of Arizona stated that "respondent's failure to cooperate with bar counsel and respond to requests for information from the Bar disciplinary office ... demonstrates a disregard for the Rules of Professional Conduct and borders on contempt for the legal system." 794 P.2d at 138.

Finally, as the Committee in the present case has recommended that this Court publicly reprimand the respondent, other jurisdictions have also imposed this punishment upon finding a violation of Rule 8.1. *See In re Young,* 164 Ariz. 502, 794 P.2d 135 (1990); *In re Vaughn,* 123 N.J. 576, 589 A.2d 610 (1991).

Accordingly, we hold that an attorney violates West Virginia Rule of Professional Conduct 8.1(b) by failing to respond to requests of the West Virginia State Bar concerning allegations in a disciplinary complaint. Such a violation is not contingent upon the issuance of a subpoena for the attorney, but can result from the mere failure to respond to a request for information by the Bar in connection with an investigation of an ethics complaint.

Further, in order to expedite the investigation of an ethics complaint by the Bar, an attorney's failure to respond to a request for information concerning allegations of ethical violations within a reasonable time will constitute an admission to those allegations for the purposes of the disciplinary proceeding.

Based upon the foregoing opinion, we affirm the Committee's findings that respondent Martin violated Rule 8.1(b) of the West Virginia Rules of Professional Conduct by failing to respond to the written and oral requests for information by the Bar. This Court does hereby order that the respondent be publicly reprimanded for this violation. This Court also orders the respondent to cooperate with the Office of Bar Counsel in completing the investigation of Edgar Cobb's complaint.

Respondent's continued failure to cooperate and respond to the Bar's requests for information concerning the underlying allegations in this matter will constitute an admission to those allegations. Finally, the respondent is ordered to pay the costs of the proceeding.

Public reprimand.