[613 NYS2d 600]

In the Matter of THEODORE E. TEAH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 16, 1994

**APPEARANCES OF COUNSEL**

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Theodore E. Teah,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, Theodore E. Teah, who is representing himself in this proceeding, was admitted to the practice of law in the State of New York by the First Judicial Department on January 31, 1977. At all times relevant herein respondent has maintained an office for the practice of law within the First Department.

By motion dated February 25, 1994, the Departmental Disciplinary Committee (Committee) seeks an order, pursuant to section 603.4 (e) (1) (i) and (iii) of the rules of this Court (22 NYCRR), suspending respondent from the practice of law forthwith based upon his willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct, and uncontested evidence of serious professional misconduct.

On May 20, 1993 the Committee received a complaint from Mark Vuljevic that respondent had failed to account for approximately $87,000 in escrow funds held by respondent in connection with a real estate loan. By letter dated June 11, 1993, the Committee forwarded Vuljevic's complaint to respondent and requested an answer within 20 days. Respondent neither responded to the complaint, sought an adjournment, or otherwise contacted the Committee.

On July 14, 1993, the Committee sent a second letter to respondent, this time by regular and certified mail, return receipt requested. Respondent was advised that his failure to cooperate with the Committee in its investigation could result in his suspension from the practice of law. A copy of the receipt bearing a July 15, 1993 date stamp from the post office is attached to the Committee's motion as Exhibit D.

In July and August of 1993, respondent promised, in several telephone conversations which staff counsel initiated, that he would provide an answer to the complaint, but none was forthcoming. As a result, on August 27, 1993, the Committee served respondent with a subpoena duces tecum commanding his appearance before the Committee on September 2, 1993 and for the production at that time of all documents in his possession regarding Mr. Vuljevic.

On September 2, 1993, respondent appeared before the Committee, submitted a written answer dated August 30, 1993 and gave his sworn testimony in a deposition. Although respondent claimed in his answer and at the deposition that the

approximately $87,000 in monies from the escrow account had been properly disbursed, he was unable to provide an accounting or produce any bank records or other documents in support of his contention. In fact, respondent produced none of the documents requested in the subpoena, claiming that he was unable to locate any files relating to Mr. Vuljevic.

In response to staff counsel's request at the deposition, respondent promised to call on September 9, 1993 to identify the bank records he did have in his possession. He also promised to immediately request copies of missing records from his bank. Respondent, however, failed to contact the Committee or provide any further information concerning the bank records by September 9, 1993.

On September 22, 1993, staff counsel sent a letter reiterating her request for the bank records in his possession and requesting evidence supporting his assertions that he had, in fact, requested that the bank provide him with copies of his bank statements. Respondent was asked to contact staff counsel by September 27, 1993. Staff counsel also enclosed with the letter a subpoena duces tecum requesting the production of respondent's bank statements on October 6, 1993.

After respondent again failed to contact staff counsel on September 27, 1993, respondent was forwarded a letter on October 7, 1993 requesting that he call immediately regarding the September 22, 1993 letter. After receiving staff counsel's letter, respondent telephoned on October 7, 1993 and promised to deliver the bank statements in his possession by the next day. Respondent, however, did not deliver the bank statements as promised.

On October 12, 1993, staff counsel again called respondent. During this telephone conversation, respondent claimed for the first time that he had discovered that he did not possess any statements from his escrow account and that he learned on October 8, 1993 that the bank had been sending his statements to his former business address for over two years. By letter to respondent dated October 12, 1993, staff counsel confirmed the statements made by him in their telephone conversation and requested again that he immediately provide, *inter alia,* the bank statements in his possession and a copy of any written request he may have forwarded to his bank for the records he now claims he never received.

On October 14, 1993 respondent sent the Committee a copy of a letter dated October 14, 1993 to his bank requesting bank

statements for his personal and escrow accounts. In a separate letter of that date, respondent enclosed a small number of bank statements for his personal account and promised to send copies of all the bank statements he received. No additional bank statements were provided by respondent and on November 30, 1993, staff counsel sent respondent a letter via telecopier requesting, *inter alia,* that he contact her immediately to discuss the bank records.

On December 6, 1993, respondent answered by letter sent via telecopier indicating that he had received copies of his personal bank statements from his bank but had not received copies of bank statements for his escrow accounts. Respondent stated that he had been holding the personal bank statements with the intention of sending the Committee all the bank records at the same time.

On December 29, 1993, staff counsel telephoned respondent and requested that he send her the bank statements for his personal account to which he referred in his December 6, 1993 letter. Respondent replied that he would send those statements. The Committee states that to date, respondent has not provided any additional bank statements. Further, staff counsel states that as a result of respondent's failure to account and to keep proper bookkeeping records, Mr. Vuljevic, who is currently the subject of a foreclosure action involving the real estate loan at issue herein, has been prejudiced. In addition, staff counsel maintains that on October 4, 1993, the Committee sent respondent an original and a copy of the transcript of his September 2, 1993 deposition for his review, correction and signature. To date, despite staff counsel's repeated requests that he return the original transcript and respondent's assurances that he would, respondent has failed to do so.

In a supplemental affirmation dated April 27, 1994, staff counsel advises that on March 23, 1994, the Committee served respondent with a subpoena duces tecum returnable April 1, 1994, calling for the production of bank records as well as respondent's appearance. As of April 27, 1994, respondent neither appeared nor responded to the subpoena in any manner.

On September 19, 1993, the Committee received a complaint from Walter E. Carney alleging that respondent had neglected his divorce matter, for which Mr. Carney paid respondent $750, and had refused to provide any response to Mr. Carney's inquiries regarding the status of his case. By letter dated October 18, 1993, the Committee forwarded Mr. Carney's

complaint to respondent and requested an answer within 20 days. In several subsequent telephone conversations initiated by staff counsel, respondent promised to respond to Mr. Carney's complaint, although he never did so.

On December 8, 1993, the Committee sent a second letter to respondent, this time by telecopier and certified mail, return receipt requested. Respondent was advised that his failure to cooperate with the Committee's investigation could result in his suspension from the practice of law. A copy of the receipt indicates that the letter was received on or about December 10, 1993.

On December 29, 1993, in a telephone conversation initiated by staff counsel, respondent stated that he had mailed the answer to the Carney complaint and that he would send another copy of the answer via telecopier to staff counsel that day. No answer was ever received.

On December 30, 1993, the Committee sent a third letter to respondent via telecopier and certified mail, return receipt requested, informing respondent that unless he responded by January 11, 1994 he will be considered to have failed to cooperate with the Committee. A copy of the receipt indicates that the letter was delivered to respondent December 31, 1993. The Committee states that to date, respondent has failed to submit any answer to the allegations contained in Mr. Carney's complaint.

The Committee asserts that respondent's failure to comply with the lawful demands of the Committee in connection with its investigation of the Vuljevic complaint and to respond to the complaint against him in the Carney investigation can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation and warrants suspension. The Committee further claims that uncontested evidence has been presented which makes it clear that respondent failed to provide an accounting in violation of Code of Professional Responsibility DR 9-102 (C) (3) and (4) (22 NYCRR 1200.46 [c] [3], [4]); to keep proper bookkeeping records in violation of DR 9-102 (D) (1), (2), (4) and (6) (22 NYCRR 1200.46 [d] [1], [2], [4], [6]); and, to make such records available in violation of DR 9-102 (H) (22 NYCRR 1200.46 [h]).

In a supplemental affirmation dated April 27, 1994, the Committee further advises that two additional complaints have been filed against respondent which have been investigated by the Committee.

The complaint of Jacqueline O. Tucker involves Ms. Tucker's retention of respondent in August 1992 to handle her divorce. According to Ms. Tucker, respondent did not pursue the matter or return Ms. Tucker's telephone calls to obtain information about the status of her matter. In addition, although respondent promised to return Ms. Tucker's $750 fee, he did not do so until after she had filed her complaint with the Committee.

The complaint of Nader J. Neshewat involves Mr. Neshewat's retention of respondent in January 1992 to file objections in a contested probate matter. According to Mr. Neshewat, respondent did not pursue the matter or return Mr. Neshewat's telephone calls to obtain information about the status of the matter. After Mr. Neshewat filed a complaint in Small Claims Court, respondent returned a portion of the fee as a settlement.

Staff counsel states that the Committee intends to charge respondent with violations of the Lawyer's Code of Professional Responsibility arising from his misconduct in these two recent complaints in addition to filing charges arising from his misconduct in the matter described in the motion.

On March 1, 1994, respondent was served with a copy of the Committee's motion to suspend by ordinary mail and a copy of the motion was personally served on respondent's secretary at respondent's place of business. The notice of motion asserts that pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension may be disbarred without further notice. In addition, on April 27, 1994, respondent was personally served with a copy of the Committee's supplemental affirmation in support of their motion to suspend. To date, respondent has not interposed a response to this motion.

22 NYCRR 603.4 (e) (1) provides in pertinent part as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the

attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:

"(i) the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing or disciplinary proceeding; or * * *

"(iii) other uncontested evidence of professional misconduct".

In the case at bar, the Committee is investigating four complaints filed against respondent which allege neglect of legal matters; the failure to return unearned portions of retainer fees to clients; and the failure to account for approximately $87,000 in escrow funds held in connection with a real estate loan. With respect to the Carney complaint, which alleges neglect, respondent has failed to serve an answer despite repeated requests by the Committee that he do so. In addition, respondent falsely stated to the Committee on December 29, 1993 that he had mailed the answer to the Carney complaint when he had not.

With respect to the Vuljevic complaint, which involves the serious allegation of failing to account for $87,000 in escrow funds, respondent has failed to respond to numerous requests from the Committee and several subpoenas calling for his production of the Vuljevic file and bank statements for his personal and escrow accounts. Respondent also falsely promised staff counsel on numerous occasions that he would produce his bank statements. Since August 1993, the Committee has repeatedly attempted to obtain these documents from respondent without success. In addition, respondent has failed to interpose a response to the within motion seeking his suspension and has neglected to make any attempt to explain his actions. Indeed, respondent has chosen not to respond despite being warned that his failure to cooperate could result in his suspension from the practice of law and, ultimately, his disbarment. As such, respondent's actions can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation (see, Matter of Valdes, 160 AD2d 31 [1st Dept 1990]; Matter of Gordon, 142 AD2d 135 [1st Dept 1988]; Matter of Erlin, 126 AD2d 83 [1st Dept 1987]).

Accordingly, the Committee's motion, pursuant to section

603.4 (e) (1) (i) and (iii) of the rules of this Court (22 NYCRR), is granted and respondent is suspended from the practice of law, effective immediately, and until such time as the disciplinary matters pending before the Committee have been concluded and until further order of this Court.

CARRO, J. P., ELLERIN, ROSS, NARDELLI and TOM, JJ., concur.

Motion granted and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, until such time as the pending disciplinary matters have been concluded, and until the further order of this Court.