450 S.E.2d 787

## COMMITTEE ON LEGAL ETHICS OF THE WEST VIRGINIA STATE BAR, Complainant,

v.

## C. Andy KEENAN, a Suspended Member of the West Virginia State Bar, Respondent.

No. 22366.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 13, 1994.

Decided Nov. 1, 1994.

Sherri D. Goodman, Chief Disciplinary Counsel, West Virginia State Bar, Charleston, for complainant.

C. Andy Keenan, pro se.

McHUGH, Justice:

In this attorney disciplinary proceeding, the Committee on Legal Ethics of the West Virginia State Bar (hereinafter "Committee") recommends that this Court annul the license to practice law of respondent, C. Andy Keenan, a suspended member of the West Virginia State Bar, for his failure to comply with the requirements of article VI, section 28 of the By–Laws of the West Virginia State Bar (hereinafter "Bar By–Laws") and his failure to cooperate with the Committee in the investigation of other complaints. We agree with the Committee's recommendation and, for the reasons stated below, order that Mr. Keenan's license to practice law in West Virginia be annulled.

## I

On February 11, 1993, this Court suspended Mr. Keenan's law license indefinitely for failure to provide competent representation, failure to act with reasonable diligence, failure to communicate effectively with clients and failure to return an unearned fee, in violation of Rules 1.1, 1.3, 1.4 and 1.16(d) of the *Rules of Professional Conduct* [1990].[1] Article VI, section 28 of the Bar By–Laws requires a disbarred or suspended attorney to promptly notify all clients and opposing counsel of his impending suspension. The suspended attorney is further required, within ten days of the effective date of the suspension order, to file with this Court an affidavit showing full compliance with the provisions of the suspension order and with article VI, section 28.[2]

On March 2, 1993, Sherri D. Goodman, disciplinary counsel for the State Bar, sent a letter to Mr. Keenan informing him of his responsibilities under article VI, section 28. According to the Committee's *Petition for Annulment of Law License*, Ms. Goodman also requested that the Honorable John W. Hatcher, Jr., Judge of the Circuit Court of Fayette County, speak with Mr. Keenan about his responsibilities under article VI, section 28. Mr. Keenan told Judge Hatcher that he was in the process of notifying clients of his suspension.

On March 31, 1993, the Committee asked this Court to appoint attorney James B. Billings to conduct an inventory of Mr. Keenan's files, as Mr. Keenan had failed to notify numerous clients of his suspension. This Court granted the Committee's request by order entered April 7, 1993 and, in addition, appointed Judge Hatcher as Special Master to supervise the inventory and to enter such orders and conduct such proceedings as become necessary. Mr. Keenan had taken client files from his office,[3] failed to return case files to the circuit court and failed to complete orders in domestic relations cases.

Furthermore, on May 7, 1993 and July 29, 1993, the State Bar sent to Mr. Keenan two ethics complaints which were filed against him. The Committee states that Mr. Keenan failed to respond to either of these complaints. The Committee further states that Mr. Keenan failed to provide bookkeeping information needed to investigate a third complaint, although he was requested and agreed to do so on June 29, 1993. Finally, attached to the Committee's *Petition for Annulment of Law License* was a Statement of Charges issued by the Investigative Panel of the Committee on Legal Ethics on May 17, 1994, concerning two complaints brought

1. This Court suspended Mr. Keenan's law license until Mr. Keenan establishes that his psychological and psychiatric disorder, from which his pattern and practice of neglect was allegedly rooted, stabilizes and further, that he possesses the psychological and mental capacity to provide effective representation to his clients. *Committee on Legal Ethics v. Keenan*, 189 W.Va. 37, 38, 427 S.E.2d 471, 472 (1993).

2. The text of article VI, section 28 of the By–Laws of the State Bar of West Virginia provides, in relevant part:

(a) A disbarred or suspended attorney shall promptly notify by registered or certified mail, return receipt requested, all clients being represented in pending matters, other than litigated or administrative matters or proceedings pending in any court or agency, of his inability to act as an attorney after the effective date of his disbarment or suspension and shall advise said clients to seek legal advice elsewhere.

(b) A disbarred or suspended attorney shall promptly notify, by registered or certified mail, return receipt requested, each of his clients who is involved in litigated matters or adminis-

trative proceedings, and the attorney or attorneys for each adverse party in such matter or proceedings, of his inability to act as an attorney after the effective date of his disbarment or suspension. The notice to be given to the client shall advise the prompt substitution of another attorney or attorneys in his place.

. . . .

(d) Within ten days after the effective date of the disbarment or suspension order, the disbarred or suspended attorney shall file with the supreme court of appeals an affidavit showing: (1) that he has fully complied with the provisions of the order and with this section; and (2) that he has served a copy of such affidavit upon the secretary-treasurer of the West Virginia State Bar. Such affidavits shall also set forth the residence or other address of the disbarred or suspended attorney where communications may thereafter be directed to him.

3. On May 27, 1993, Mr. Billings, upon direction of the Special Master, Judge Hatcher, served notice upon Mr. Keenan, requiring all files in his possession to be returned to the appropriate clients.

against Mr. Keenan in May and October of 1992.[4]

This case was submitted on briefs to this Court on September 13, 1994. However, Mr. Keenan failed to respond to the Committee's *Petition for Annulment of Law License.* The charges against Mr. Keenan have, therefore, not been contested.

## II

■ The standard of proof in a proceeding based on a legal ethics complaint is well established. In syllabus point 1 of *Committee on Legal Ethics v. Six,* 181 W.Va. 52, 380 S.E.2d 219 (1989), this Court stated:

 ' "In a court proceeding initiated by the Committee on Legal Ethics of the West Virginia State Bar to annul the license of an attorney to practice law, the burden is on the Committee to prove, by full, preponderating and clear evidence, the charges contained in the Committee's complaint." Syl. Pt. 1, *Committee on Legal Ethics v. Pence,* 216 S.E.2d 236 (W.Va. 1975).' Syllabus Point 1, *Committee on Legal Ethics v. Walker,* 178 W.Va. 150, 358 S.E.2d 234 (1987).

■ The record in this case reveals Mr. Keenan's failure to notify clients of his suspension from the practice of law, as required by article VI, section 28 of the Bar By–Laws. Mr. Keenan further failed to return client files and circuit court case files following his suspension and failed to respond to ethics complaints filed against him by former clients. Mr. Keenan's failure to respond to the Committee's request for information is

deemed an admission of the allegations of ethical violations. As we have previously stated: "In order to expedite the investigation of an ethics complaint by the Bar, an attorney's failure to respond to a request for information concerning allegations of ethical violations within a reasonable time will constitute an admission to those allegations for the purposes of the disciplinary proceeding." Syl. pt. 2, *Committee on Legal Ethics v. Martin,* 187 W.Va. 340, 419 S.E.2d 4 (1992).[5]

In *Committee on Legal Ethics v. Charonis,* No. 21423 (W.Va. November 25, 1992, unpublished order), the Committee presented to this Court a verified complaint, with exhibits, seeking annulment of the law license of the respondent, a suspended member of the bar, for failure to comply with article VI, section 28 of the Bar By–Laws. In *Charonis,* the respondent, *inter alia,* failed to notify clients of his suspension, thereby leaving clients without access to their files and without refunds of unearned fees. The respondent also failed to respond to ethics complaints filed against him. This Court issued a show cause order. However, the respondent subsequently sought to voluntarily resign from the practice of law in West Virginia. This Court issued an order annulling the respondent's law license.

■ Even more egregious than *Charonis,* Mr. Keenan has yet to respond to the Committee's petition to this Court to annul his license to practice law. The record demonstrates little, and in some instances, no cooperation by Mr. Keenan throughout the course of his suspension and the Committee's subse-

---

4. Count I of the Statement of Charges charged Mr. Keenan with failure to proceed with a wrongful discharge lawsuit after filing the complaint, failure to communicate with a client, failure to refund any portion of a client's retainer and failure to respond to Bar Counsel's letter following the filing of an ethics complaint by a client, in violation of Rules 1.3, 1.4, 1.16(d) and 8.1(b) of the Rules of Professional Conduct. In count II, the Committee alleged that Mr. Keenan's failure to file a divorce action promptly resulted in his client's losing custody of her children, thereby prejudicing her, in violation of Rule 1.3 of the Rules of Professional Conduct. In connection with that divorce case, Mr. Keenan further stated his willingness to have clients and their spouses falsify duration of West Virginia residency for purposes of filing for divorce

here, in violation of Rule 8.4 of the Rules of Professional Conduct. Finally, Mr. Keenan failed to respond to ethics complaints and ignored a subpoena served upon him to appear at the State Bar Center, in violation of Rule 8.1(b) of the Rules of Professional Conduct.

5. In *Martin,* 187 W.Va. at 344, 419 S.E.2d at 8, we noted a Supreme Court of Arizona opinion disbarring a lawyer for failure to cooperate with bar counsel and to respond to the information requested. *In re Galusha,* 164 Ariz. 503, 505, 794 P.2d 136, 138 (1990). Such inaction "demonstrates a disregard for the Rules of Professional Conduct and borders on contempt for the legal system." *Id.*

quent inquiry into his compliance with article VI, section 28 of the Bar By–Laws. A suspended attorney who fails to comply with the provisions of article VI, section 28 of the By–Laws of the West Virginia State Bar may have his or her license to practice law annulled upon proof by the Committee on Legal Ethics of the West Virginia State Bar by full, preponderating and clear evidence that the suspended attorney failed to comply with the provisions.

In view of the fact that attorney disciplinary proceedings are primarily designed to protect the public, to reassure it as to the reliability and integrity of attorneys and to safeguard its interest in the administration of justice, we adopt the recommendation of the Committee and order that Mr. Keenan's license to practice law be annulled. *See* syl. pt. 6, *Committee on Legal Ethics v. Tatterson*, 177 W.Va. 356, 352 S.E.2d 107 (1986); syl. pt. 3, *Daily Gazette v. Committee on Legal Ethics*, 174 W.Va. 359, 326 S.E.2d 705 (1984); *Committee on Legal Ethics v. Mullins*, 159 W.Va. 647, 651, 226 S.E.2d 427, 429 (1976); syl. pt. 2, *In re Daniel*, 153 W.Va. 839, 173 S.E.2d 153 (1970).

In that the charges against Mr. Keenan are uncontested, we hold that the Committee has met its burden of proving the charges against him by full, clear and preponderating evidence, the required proof to annul his license to practice law. Accordingly, Mr. Keenan's license to practice law is annulled.

License Annulled.

BROTHERTON, C.J., did not participate in this case.

MILLER, Retired J., sitting by temporary assignment.