452 S.E.2d 449

### LAWYER DISCIPLINARY BOARD, Complainant

v.

### Jack O. FRIEDMAN, a Member of the West Virginia State Bar, Respondent.

#### No. 22434.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 1, 1994.

Decided Dec. 8, 1994.

---

Ellen F. Golden, Lawyer Disciplinary Counsel, West Virginia State Bar, Charleston.

Jack O. Friedman, pro se.

PER CURIAM:

The Lawyer Disciplinary Board of the West Virginia State Bar petitioned this Court to suspend Jack O. Friedman from the practice of law for one month. The Board alleges that Mr. Friedman violated Rule 8.1(b) of the *W.Va. Rules of Professional Conduct* [1989] [1] by failing to respond to the

---

1. Rule 8.1 of the *W.Va. Rules of Professional Conduct* [1989], states, in pertinent part:

   An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

   . . . . .

   (b) fail to disclose a fact necessary to correct a misapprehension known by the person to

Bar's Chief Disciplinary Counsel's information requests concerning a complaint filed by James D. Midkiff, C.D. Although the Board found no ethical violation in Mr. Friedman's actions regarding Dr. Midkiff, the Board found Mr. Friedman's failure to respond to the Bar's disciplinary counsel's inquiries a violation of Rule 8.1 and recommended that Mr. Friedman be suspended from the practice of law for one month.

██ Our standards for evaluating the recommendations of the Board are stated in Syl. pt. 1, *Committee on Legal Ethics v. Lewis,* 156 W.Va. 809, 197 S.E.2d 312 (1973):

> In a court proceeding prosecuted by the Committee on Legal Ethics of the West Virginia State Bar for the purpose of having suspended the license of an attorney to practice law for a designated period of time, the burden is on the Committee to prove by full, preponderating and clear evidence the charges contained in the complaint filed on behalf of the Committee.

*In accord,* Syl. pt. 1, *Committee on Legal Ethics v. Cometti,* 189 W.Va. 262, 430 S.E.2d 320 (1993); Syl. pt. 1, *Committee on Legal Ethics v. Mitchell,* 187 W.Va. 287, 418 S.E.2d 733 (1992). *See also,* Syllabus Point 1, *Committee on Legal Ethics v. Blair,* 174 W.Va. 494, 327 S.E.2d 671 (1984), *cert. denied,* 470 U.S. 1028, 105 S.Ct. 1395, 84 L.Ed.2d 783 (1985). Based on our independent review of the record, we find that although Mr. Friedman is guilty of an ethical violation, the recommendation of the Board is too severe and instead order Mr. Friedman be publicly reprimanded and required to pay the costs of the proceedings.

### I.

██ On February 12, 1993, Dr. Midkiff filed a complaint with the Committee on Legal Ethics alleging that Mr. Friedman had not paid for medical services Dr. Midkiff had provided to Mr. Friedman's clients, pursuant to Mr. Friedman's assurances or guarantees of payment. By letter dated March 17, 1993, Chief Disciplinary Counsel informed Mr. Friedman of the complaint and said:

> have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority,

I am of the opinion, as is the Committee, that when a lawyer affirmatively represents to a doctor that he or she will ensure that the doctor gets paid, the lawyer must abide by his or her representation or violate Rule 8.4(c) of the Rules of Professional Conduct, engaging in conduct involving misrepresentation.

The Chief Disciplinary Counsel concluded her letter by stating that she "would appreciate a response within three weeks." Mr. Friedman did not respond to the March 17, 1993 letter.

On May 7, 1993, the Chief Disciplinary Counsel again wrote Mr. Friedman about the complaint and advised him of this Court's holding in *Committee of Legal Ethics v. Martin,* 187 W.Va. 340, 419 S.E.2d 4 (1992) (failure to respond to the State Bar's requests for information constitutes an ethical violation). After noting Mr. Friedman's lack of response, the Chief Disciplinary Counsel wrote that Mr. Friedman's "answer is essential to a full investigation of the matter of inquiry by this office." The letter concluded by stating that "should you fail to provide me with a written response to my March 17, 1993 letter on or before May 28, 1993, this matter will be presented to the Investigative Panel at its next meeting."

Because Mr. Friedman failed to respond to the complaint, the Investigative Panel, during its July 1993 meeting, directed the Chief Disciplinary Counsel to inform Mr. Friedman that the Panel considered Mr. Friedman ethically bound to pay Dr. Midkiff. *See* Syl. pt. 2, *Martin, supra,* ("failure to respond to a request for information concerning allegations of ethical violations within a reasonable time will constitute an admission to those allegations for the purposes of the disciplinary proceeding").

On December 1, 1993, the Chief Disciplinary Counsel again wrote to Mr. Friedman noting his lack of response and informing him that unless payment was made before the Panel's January 1994 meeting, she would recommend a statement of charges be issued

> except that this rule does not require disclosure of information otherwise protected by Rule 1.6.

against him for misrepresentation and "failure to respond to the ethics complaint."

At its January 1994 meeting, the Panel voted unanimously to find probable cause to hold a hearing to consider charges against Mr. Friedman for misrepresentation and failure to respond to an ethics complaint. On February 25, 1994, the Statement of Charges was personally served on Mr. Friedman. During a March 21, 1994 conversation, Mr. Friedman assured the Chief Disciplinary Counsel that his answer to the charges would be hand delivered on or before March 28, 1994.

On March 30, 1994, before the hearing began, Mr. Friedman paid Dr. Midkiff the amount owed and at the start of the hearing, Mr. Friedman submitted his answer. Mr. Friedman said, "I really don't have any fair excuse other than my own stupidity, and I apologize to you all for that matter." Mr. Friedman said that he did not think the ethics complaint "would go very far" and that he paid Dr. Midkiff because "maybe that would make it [the ethics complaint] go away." Based on Mr. Friedman's testimony, the Hearing Panel found that although the original complaint against Mr. Friedman was, under the circumstances, not an ethical violation, Mr. Friedman's failure to respond to the Bar's disciplinary counsel's requests was a violation of Rule 8.1 of the *W.Va. Rules of Professional Conduct* [1989]. The Hearing Panel recommended that Mr. Friedman be suspended from the practice of law for one month.

## II.

Mr. Friedman first argues that the only response required by the Bar's letters was paying the disputed amount to Dr. Midkiff. In support of his allegation, Mr. Friedman cities the section of the Chief Disciplinary Counsel's March 17, 1993 letter stating "I am of the opinion that you have ethically obligated yourself to Dr. Midkiff...." Mr. Friedman also notes that the December 1, 1993 letter stated that "[i]f you have not paid Dr. Midkiff the $1,598.00 before ... January of 1994, I will recommend" charges be issued. Mr. Friedman concludes that his March 30, 1994 payment to Dr. Midkiff was an adequate response.

We find that Mr. Friedman's position lacks merit because the record shows that the first two letters from the Chief Disciplinary Counsel specifically requested Mr. Friedman to respond. The March 17, 1993 letter requested "a response within three weeks" with copy provided directly to Dr. Midkiff. The May 7, 1993 letter, citing *Committee v. Martin, supra*, requests "a written response ... on or before May 28, 1993." Neither of these first two letters was a demand for payment. The final December 1, 1993 letter to Mr. Friedman from the Bar's disciplinary counsel did request action but also indicated that consideration would be given to his "failure to respond to the ethics complaint."

In *Committee v. Martin, supra*, we concluded that under Rule 8.1(b) of the *W.Va. Rules of Professional Conduct* [1989], an ethical violation, separate from the underlying complaint, occurs when a lawyer fails to respond to ethical inquiries by the West Virginia State Bar. Syl. pt. 1, *Committee v. Martin* states:

An attorney violates West Virginia Rule of Professional Conduct 8.1(b) by failing to respond to requests of the West Virginia State Bar concerning allegations in a disciplinary complaint. Such a violation is not contingent upon the issuance of a subpoena for the attorney, but can result from the mere failure to respond to a request for information by the Bar in connection with an investigation of an ethics complaint.

*In accord*, Syl. pt. 2, *Committee on Legal Ethics v. Karl*, 192 W.Va. 23, 449 S.E.2d 277. In Syl. pt. 11, *Committee v. Cometti, supra*, we stated:

Under Rule 8.1(b) of the Rules of Professional Conduct, as explained in *Committee on Legal Ethics v. Martin*, 187 W.Va. 340, 419 S.E.2d 4 (1992), a disciplinary violation can be imposed if a lawyer fails to cooperate with the Committee on Legal Ethics of the West Virginia State Bar. To the extent that *Committee on Legal Ethics v. Mullins*, 159 W.Va. 647, 226 S.E.2d 427 (1976), differs with *Martin*, it is overruled.

In this case, we find Mr. Friedman's delay in responding to the State Bar's inquiries

concerning an ethical complaint to be substantial and without justification. We also find that the Lawyer Disciplinary Board proved these charges against Mr. Friedman by "full, preponderating and clear evidence."

## III.

Finally, Mr. Friedman argues that the appropriate discipline for violating Rule 8.1(b) is a public reprimand and that, under the circumstances, the one month suspension recommended by the Board is too severe. Mr. Friedman notes that in *Committee v. Martin*, this Court publicly reprimanded Mr. Martin and required him to pay the proceeding's costs for his failure to respond to the State Bar's six written and three telephone requests for information. In this case, Mr. Friedman notes that the State Bar's contacts consisted of three letters and that he responded by paying Dr. Midkiff before the hearing. Mr. Friedman also points out that although a one-month suspension was ordered in *Committee v. Cometti* for violating Rule 8.1(b), Mr. Cometti had three other ethical violations and was suspended for a total of fifteen months, plus six months of supervised practice.

The Board argues that a one-month suspension is necessary to alert Mr. Friedman to his ethical duty to respond in a disciplinary matter. The Board found that Mr. Friedman "exhibited a pattern of not exercising due diligence in his responsibilities" and "showed a disregard for the disciplinary process." The Board noted that in addition to failing to respond to Bar Counsel's three letters, Mr. Friedman forgot the pre-hearing conference and failed to file his answer timely to the ethics charges.

The Board argues that this case is distinguished from *Committee v. Martin* because in *Committee v. Martin* (187 W.Va. at 342, 419 S.E.2d at 6) the lawyer was not practicing, had moved out of state and was having emotional problems. Rather, the Board maintains that Mr. Friedman's disregard for the disciplinary system is similar to *Committee v. Cometti* (189 W.Va. at 272, 430 S.E.2d at 330) ("substantial and unjustified" delay in responding "warrants a one-month suspension") and *Committee v. Karl* (192 W.Va. at 28, 449 S.E.2d at 282) (three-month suspension for numerous ethical violations including failure to response to two letters from the Committee's counsel).

■ We have long held that this Court is the final arbiter of disciplinary proceedings when the ethical conduct of a lawyer is questioned. In Syllabus Point 3, *Committee on Legal Ethics v. Blair, supra*, we stated:

This Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law.

*In accord* Syl. pt. 7, *Committee v. Karl, supra*; Syl. pt. 1, *Committee on Legal Ethics v. Ikner*, 190 W.Va. 433, 438 S.E.2d 613 (1993); Syl. pt. 1, *Committee on Legal Ethics v. Charonis*, 184 W.Va. 268, 400 S.E.2d 276 (1990).

In this case, we decline to adopt the Board's recommendation for a one-month suspension because the underlying complaint was dismissed. We agree with the Board that Mr. Friedman should be disciplined for failing to response in an ethical complaint and we find that the appropriate sanction in this case is a public reprimand plus payment of costs.

Accordingly, the Court publicly reprimands Mr. Friedman and orders him to pay the costs of the proceedings.

Public reprimand and costs of proceedings.

BROTHERTON, C.J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.