509 S.E.2d 884

**LAWYER DISCIPLINARY BOARD, Complainant,**

**v.**

**C. Crady SWISHER, Member of the West Virginia State Bar, Respondent.**

No. 23946.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 6, 1998.

Decided Dec. 4, 1998.

**604**

Steven Johnston Knopp, Esq., Lawyer Disciplinary Counsel, Charleston, West Virginia, Attorney for Petitioner.

C. Crady Swisher, Esq., Pro se, Respondent.

PER CURIAM:

The Office of Disciplinary Counsel ("ODC") has filed objections with this Court to the findings and recommendations of a Hearing Panel Subcommittee ("Panel") of the Lawyer Disciplinary Board, a body created by the Supreme Court of Appeals to govern the professional conduct of lawyers within West Virginia. The Panel concluded that C. Crady Swisher ("Swisher") did not violate the *Rules of Professional Conduct.*

The ODC asks this Court to find that Swisher violated Rules 8.1 and 8.4(d) of the *Rules of Professional Conduct,* to suspend Swisher's law license for an appropriate period of time, and to require him to practice

under the supervision of a mentor if and when he is reinstated.

We conclude that Swisher violated the *Rules of Professional Conduct,* and we impose appropriate sanctions.

**I.**

Swisher was admitted to practice law in the State of West Virginia in 1988. His practice is located in Allegheny County, Pennsylvania, where he is a member of both the West Virginia Bar and the Pennsylvania Bar.

Sometime after 1987, Robert Barton retained Swisher and his firm to represent Mr. Barton in a lawsuit for injuries that Mr. Barton sustained in an accident in Martinsburg, West Virginia. Mr. Barton became dissatisfied with Swisher's representation and filed a legal malpractice action against Swisher and others in the United States District Court for the Western District of Virginia. A settlement was reached prior to trial in May 1994 with Swisher agreeing to pay Mr. Barton a total of $25,000.00. Swisher paid Mr. Barton $10,000.00 at that time. Swisher also agreed to sign a note, promising to pay the balance of $15,000.00 in two payments, both to be paid within 1 year of the date of the note.

Relying on this agreement, Mr. Barton dismissed Swisher from the legal malpractice case. Swisher failed to pay the $15,000.00. Mr. Barton then filed a motion to enforce the settlement before the district court. The district court entered a judgment order against Swisher in the amount of $15,000.00, plus interest until paid in full.

In 1996, Mr. Barton also filed an ethics complaint with the West Virginia Office of Disciplinary Counsel. After many delays, the matter was heard before the Panel.[1] Swisher was charged with violating Rule 8.4(d)[2] [1995] of the *Rules of Professional*

---

**1.** The ODC sent a copy of the complaint to Swisher on February 27, 1996. He failed to respond to the complaint as requested or acknowledge receipt of the complaint. The ODC sent a letter to Swisher on June 4, 1996 requesting that he respond to the complaint. Again he failed to file a response or acknowledge receipt of the complaint. On October 25, 1996, the ODC sent a copy to Swisher via facsimile, again with-

out any response by Swisher. Finally on April 7, 1997, Swisher accepted service and acknowledged receipt of the ODC complaint. Swisher did not formally respond to the complaint until March of 1998.

**2.** Rule 8.4(d) of the *Rules of Professional Conduct* [1995] provides in part:

It is professional misconduct for a lawyer to:

*Conduct* for the representations he had made regarding the payment of the settlement and for his failure to meet those obligations. Swisher was also charged with violating Rule 8.1 [3] [1989] of the *Rules of Professional Conduct* for his failure to respond to the ethics complaint. At the hearing before the Panel, Swisher stipulated to the conduct set forth in the ethics complaint. He attributed his misconduct to psychological, mental, financial, and marital problems. Because Swisher stipulated to the conduct that was charged in the ethics complaint, the ODC did not call any other witnesses.

The Panel made a recommended finding that, despite Swisher's stipulation, Swisher had not violated either Rule 8.4(d) [1995] or Rule 8.1 [1989]. The Panel therefore recommended no sanctions. The Panel's reasoning, in short, was that the ODC had failed to prove that Swisher knowingly entered into the settlement agreement with the intent not to pay Mr. Barton. The Panel also believed that the ODC did not prove that Swisher knowingly failed to respond to the ODC. The ODC filed with this Court objections to the Panel's recommended findings and recommended decision.

## II.

■■■ We have held that:

A *de novo* standard applies to a review of the adjudicatory record made before the Committee on Legal Ethics of the West Virginia State Bar as to questions of law, questions of application of the law to the facts, and questions of appropriate sanctions; this Court gives respectful consideration to the Committee's recommendations while ultimately exercising its own independent judgement. On the other hand, substantial deference is given to the Committee's findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

Syllabus Point 3, *Committee on Legal Ethics v. McCorkle*, 192 W.Va. 286, 452 S.E.2d 377 (1994).

The ODC contends that Swisher violated Rule 8.4(d) [1995] of the *Rules of Professional Conduct* by failing to comply with the settlement agreement that he had reached with Mr. Barton. At the hearing before the, Panel, Swisher admitted that he had not made the agreed-upon payments, nor had he paid the judgment entered against him in the federal district court.

Rule 8.4(d) [1995] of the *Rules of Professional Conduct* provides that misconduct of an attorney includes conduct that is prejudicial to the administration of justice.[4] We applied this Rule in *Committee on Legal Ethics v. Taylor*, 187 W.Va. 39, 415 S.E.2d 280 (1992) where an attorney had written a

(d) engage in conduct that is prejudicial to the administration of justice;
Subsection (d) of this rule was not affected by the 1995 change.

3. Rule 8.1 of the *Rules of Professional Conduct* [1989] provides in part:
   An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
   (a) knowingly make a false statement if material fact; or
   (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.

4. The Comment to Rule 8.4 of the *Rules of Professional Conduct* provides in part:

Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. However, some kinds of offenses carry no such implication. Traditionally, the distinction was drawn in terms of offenses involving "moral turpitude." That concept can be construed to include offenses concerning some matters of personal morality, such as adultery and comparable offenses, that have no specific connection to fitness for the practice of law. Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation.

bad check and had failed to make agreed-upon restitution for 2 years. We stated in *Taylor* that an attorney who knowingly issued a bad check or delayed making restitution for a bad check for a significant amount of time "indulges in conduct that dishonors the practice of law." 187 W.Va. at 42, 415 S.E.2d at 283.

Similarly, we find that Swisher's failure to make any payment on the amount owed by Swisher, during the 5 years following the agreement, dishonors the practice of law. Because this misconduct is prejudicial to the administration of justice, it is a violation of Rule 8.4(d) [1995].

Just as troubling to this Court as the lack of payment is Swisher's lack of cooperation during the investigation of this matter by the Lawyer Disciplinary Board. West Virginia *Rules of Professional Conduct* 8.1(b) [1989] provides that a lawyer, in connection with a disciplinary matter, shall not:

> (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6 [attorney-client privilege].

Between February 1996 and April 7, 1997, Swisher was sent a copy of the ethics complaint by the ODC twice—once by mail and once by facsimile. On both of those occasions, and once by a separate letter, the ODC requested that Swisher respond to the charges in the complaint. It was not until March of 1998, more than 2 years after the ODC first sent Swisher a copy of the complaint, that Swisher responded to the charges.

■ This Court has stated:

> An attorney violates West Virginia Rule of Professional Conduct 8.1(b) by failing to respond to requests of the West Virginia State Bar concerning allegations in a disciplinary complaint. Such a violation is not

contingent upon the issuance of a subpoena for the attorney, but can result from the mere failure to respond to a request for information by the Bar in connection with an investigation of an ethics complaint.

Syllabus Point 1, *Committee on Legal Ethics v. Martin,* 187 W.Va. 340, 419 S.E.2d 4 (1992).

■ We find that Swisher's failure to respond violated Rule 8.1(b) [1989] of the *Rules of Professional Conduct.* We are mindful that:

> [i]n deciding on the appropriate disciplinary action for ethical violations, this Court must consider not only what steps would appropriately punish the ... attorney, but also whether the discipline imposed is adequate to serve as an effective deterrent to other members of the Bar and at the same time restore public confidence in the ethical standards of the legal profession.

Syllabus Point 3, *Committee on Legal Ethics v. Walker,* 178 W.Va. 150, 358 S.E.2d 234 (1987).

In light of the approach set forth in *Walker,* this Court suspends C. Crady Swisher's license to practice law in West Virginia until he satisfies the following sanctions:

1. Mr. Swisher demonstrates to the satisfaction of the West Virginia ODC that he has satisfied in total the judgment and interest thereon entered against him in the United States District Court;

2. Mr. Swisher successfully completes the Multistate Professional Responsibility Examination; and

3. Mr. Swisher pays all costs incurred in the investigation and hearing of this matter.[5]

Suspension of License with Conditions.

---

5. The ODC, in their recommended penalty to this Court, requested that Swisher be required to work under a mentor until the underlying debt to

Mr. Barton was paid in full. However, as we have decided to suspend Swisher's license until

that event occurs, we do not believe a mentor- ship would be appropriate.