617 S.E.2d 539

**LAWYER DISCIPLINARY BOARD, Complainant**

v.

**Geraldine ROBERTS, a Member of the West Virginia State Bar, Respondent.**

**No. 31511.**

Supreme Court of Appeals of West Virginia.

Submitted April 27, 2005.

Decided May 31, 2005.

Rachael C. Fletcher, Esq., Office of Disciplinary Counsel, Charleston, West Virginia, Attorney for Complainant.

John F. Busch, Esq., Busch, Zurbuch & Thompson, PLLC, Elkins, West Virginia, Attorney for Respondent.

PER CURIAM:

This lawyer disciplinary proceeding against Geraldine Roberts (hereinafter referred to as "Ms. Roberts") was brought to this Court by the Office of Disciplinary Counsel (hereinafter referred to as the "ODC") on behalf of the Lawyer Disciplinary Board (hereinafter referred to as the "Board"). The Board's Hearing Panel Subcommittee determined that Ms. Roberts committed multiple violations of the West Virginia Rules of Professional Conduct. Consequently, the Board recommended that Ms. Roberts be reprimanded for such conduct and proposed several sanctions, some of which included: supervised practice for two years; a refund to the complainant, Ms. Teresa Lucente Rollins, of any unearned funds; comprehensive psychological counseling for a period of a year; and reimbursement to the Board for the costs of these proceedings in the amount of $528.20.

Ms. Roberts does not contest the Board's findings of fact or the finding that she committed multiple violations of the Rules of Professional Conduct and she accepts full responsibility for her actions. She asks this Court to find the recommended disciplinary actions upon which she has relied to be a sufficient remedy. Having reviewed the recommendation, all matters of record, and the briefs and argument of counsel, we find that Ms. Roberts violated the Rules of Professional Conduct. Thus, for the reasons set forth below, the sanctions recommended by the Board, as modified, are hereby imposed.

## I.

### FACTS

Ms. Roberts was admitted to the practice of law in West Virginia in 1977. On July 31, 2003, a Statement of Charges was filed against Ms. Roberts with the Clerk of this Court. The Statement of Charges was based upon a case in which Ms. Roberts was retained by client Teresa Lucente Rollins (hereinafter, "the claimant" or "Ms. Rollins") in July 1996 to review her divorce order to

ensure that it was accurate and proper. Ms. Roberts received a $500 retainer to do this work in October 1996.

After receiving the retainer, Ms. Roberts informed Ms. Rollins that she had reviewed the order and it contained no mistakes. In reality, however, the order contained mistakes in several important aspects dealing with equitable distribution and alimony, including a $10,000 subtraction error in the division of marital assets and a question as to whether the sum of alimony decreed was actually the correct amount. Even though Ms. Rollins and her new husband informed Ms. Roberts of the errors, Ms. Roberts did not file a motion with the circuit court to correct the matters until July 13, 1999. As a result of these errors, the client did not receive her fair share of the marital assets.

On September 8, 1999, a motion filed by Ms. Roberts to correct the discovered errors in Ms. Rollins' final divorce order was heard by Harrison County Circuit Judge Thomas A. Bedell. Judge Bedell ordered the mistakes corrected and directed Ms. Rollins' ex-husband to pay her an additional $5,000.00. There were other issues with the 1996 divorce order; however, Ms. Roberts indicated to the circuit court she was not prepared to argue them at that time. Judge Bedell asked Ms. Roberts to prepare an order within ten days of the September 8, 1999, hearing, but the order was not actually filed until February 23, 2001. Ms. Roberts stated she prepared the final order and sent it to opposing counsel and that it "must have been lost in the shuffle."

There were several additional charges surrounding Ms. Roberts' failure to adequately represent the interests of Ms. Rollins including a lack of communication and diligence in the handling of the review of the final divorce papers. Ms. Roberts was also charged with failure to respond to Disciplinary Counsel with regard to the charges against her.

On August 25, 2003, pursuant to Rule 3.4 of the Rules of Lawyer Disciplinary Procedure,[1] the ODC filed its mandatory discov-

---

1. Rule 3.4 of the West Virginia Rules of Lawyer Disciplinary Procedure states, in part, that:

Within 20 days from the date of service of the Statement of Charges, or at least 60 days prior to the date of the scheduled hearing,

ery. On September 5, 2003, a telephonic conference was held wherein the Hearing Panel Subcommittee granted Ms. Roberts until September 12, 2003, to file her initial responsive pleading in this matter; however, Ms. Roberts did not respond. Thereafter, the ODC moved that the formal charges be deemed admitted and set such motion to be heard on November 4, 2003. On October 24, 2003, the ODC received Ms. Roberts' "Response to Statement of Charges," and on October 27, 2003, the ODC counsel filed a Motion to Strike Ms. Roberts' response.

Subsequently, a telephonic hearing was scheduled for November 10, 2003, by which time Ms. Roberts retained John E. Busch, Esquire, to represent her interests in the proceeding. During the November 10, 2003, hearing, Ms. Roberts and Disciplinary Counsel represented to the Hearing Panel Subcommittee that due to Ms. Roberts' impairment, both parties would be jointly seeking an administrative suspension by this Court on November 14, 2003. It was also requested that the December 1, 2003, hearing date be continued until such time as Ms. Roberts was able to defend the Statement of Charges against her and to resume the practice of law. On December 31, 2003, without objection to the requested relief by the ODC, Ms. Roberts filed a Petition for Reinstatement with this Court. On January 16, 2004, we granted reinstatement with the condition

that Ms. Roberts be supervised for a period of one year.

On May 25, 2004, Ms. Roberts and the ODC jointly submitted at a hearing before the Hearing Panel Subcommittee their "Admitted Findings of Fact, Stipulated Conclusions of Law, and Stipulated Recommended Sanction" regarding the final disposition of this matter. Along with such stipulations, testimony was taken of Ms. Roberts, Ms. Rollins, and Gary Roberts. On August 2, 2004, the Hearing Panel Subcommittee filed its "Report of the Hearing Panel Subcommittee" with this Court. The allegations of misconduct are hereinafter summarized with the Board's corresponding findings of misconduct. Initially, the Subcommittee found that Ms. Roberts violated Rule 1.1 of the Rules of Professional Conduct [2] for failing to appear in person at hearings before the circuit court in which she was properly noticed and therefore failed to adequately represent the interests of Ms. Rollins in post divorce proceedings. Next, it was found that Ms. Roberts violated Rule 1.4 of the Rules of Professional Conduct [3] for failing to keep Ms. Rollins informed as to the status of the matter, failing to return her telephone calls, failing to respond to multiple requests for information, and failing to advise her of hearing dates. Ms. Roberts was also found to have violated Rule 1.2(a) of the Rules of Professional Conduct [4] for failing to abide by Ms. Rollins'

whichever is sooner, the Office of Disciplinary Counsel shall (a) provide the respondent with the complete identity, address and telephone number of any person with knowledge about the facts of any of the charges; provide a copy of any statements of any such person in the possession or under the control of Disciplinary Counsel or which can be reasonably obtained by Disciplinary Counsel; provide a list of the proposed witnesses to be called at the hearing, including their addresses, telephone numbers, and a summary of their anticipated testimony; provide a disclosure of any trial expert pursuant to the requirements of Rule 26(b)(4) of the West Virginia Rules of Civil Procedure; provide inspection and copying of the results of any reports of physical or mental examinations or scientific tests or experiments; and provide a list and copy of any proposed exhibit to be used at the hearing.

2. Rule 1.1 of the West Virginia Rules of Professional Conduct states that:

A lawyer shall provide competent representation to a client. Competent representation

requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

3. Rule 1.4 of the West Virginia Rules of Professional Conduct states that:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

4. Rule 1.2(a) of the West Virginia Rules of Professional Conduct states that:

A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d) and (e), and shall consult with the client as to the means by which they are to be pursued. A lawyer shall abide by a client's decision whether to accept

decisions concerning the objectives of the representation and of Rule 1.3 of the Rules [5] for failing to act with reasonable diligence in preparing an order as directed by the circuit court. In addition, Ms. Roberts was found to be in violation of Rules 1.16(d) [6] and 8.1(b) [7] of the Rules of Professional Conduct for failing to timely return the unearned portion of Ms. Rollins' retainer and for failing to respond to several requests from the ODC.

On September 30, 2003, we rejected the recommendations and ordered both parties to file briefs in this Court.

## II.

## STANDARD OF REVIEW

■ Although the Board makes recommendations to this Court regarding sanctions to be imposed upon an attorney for ethical violations, we have held that,

'[t]his Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law.' Syllabus point 3, *Committee on Legal Ethics of the West Virginia State Bar v. Blair*, 174 W.Va. 494, 327 S.E.2d 671 (1984).

Syllabus Point 1, *Lawyer Disciplinary Bd. v. Scott*, 213 W.Va. 209, 579 S.E.2d 550 (2003). Our standard of review of proceedings before the Board was set out in Syllabus Point 3 of *Committee on Legal Ethics v. McCorkle*, 192 W.Va. 286, 452 S.E.2d 377 (1994), as follows:

A *de novo* standard applies to a review of the adjudicatory record made before the [Lawyer Disciplinary Board] as to questions of law, questions of application of the law to the facts, and questions of appropriate sanctions; this Court gives respectful consideration to the [Board's] recommendations while ultimately exercising its own independent judgment. On the other hand, substantial deference is given to the [Board's] findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

*See also*, Syllabus Point 1, *Lawyer Disciplinary Bd. v. Sims*, 212 W.Va. 463, 574 S.E.2d 795 (2002); *Lawyer Disciplinary Bd. v. Cunningham*, 195 W.Va. 27, 464 S.E.2d 181 (1995). With these standards in mind, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

■ The Board found that Ms. Roberts had violated multiple provisions of the Rules of Professional Conduct. The ODC carries the burden of proving allegations of attorney misconduct by clear and convincing evidence. *See* Syllabus Point 1, *Lawyer Disciplinary Bd. v. McGraw*, 194 W.Va. 788, 461 S.E.2d 850 (1995). Ms. Roberts does not contest the facts or the ethical violations as found by the Board. On May 25, 2004, Ms. Roberts and the ODC jointly submitted at a hearing before the Hearing Panel Subcommittee their "Admitted Findings of Fact, Stipulated Conclusions of Law and Stipulated Recommended Sanction" regarding the final disposition of this matter. Therefore, there is no

---

an offer of settlement of a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

5. Rule 1.3 of the West Virginia Rules of Professional Conduct states that: "A lawyer shall act with reasonable diligence and promptness in representing a client."

6. Rule 1.16(d) of the West Virginia Rules of Professional Conduct states that:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allow-

ing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

7. Rule 8.1(b) of the West Virginia Rules of Professional Conduct provides that a lawyer in connection with a disciplinary matter shall not:

fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.

need for this Court to disturb the Board's findings that Ms. Roberts violated the provisions of the Rules of Professional Conduct.

The Board maintains that the Hearing Panel Subcommittee's recommended sanctions are reasonable and were thoroughly explained and agreed to by Ms. Roberts and therefore should be imposed by this Court. The Board believes the sanctions appropriately hold Ms. Roberts accountable for her transgressions; create a framework to prevent similar conduct in the future; deter other lawyers from similar conduct; and attempt to reassure the public confidence in the integrity of the profession. Likewise, Ms. Roberts believes that the recommended sanctions are fair and meet the dual objectives of preserving public confidence in the legal profession and judicial process. She states that the record and stipulations demonstrate that she has been a responsible and diligent attorney committed to the ethical practice of law for more than twenty-five years and that due to circumstances beyond her control, she suffered an impairment caused by extreme physical and psychological pain. She says she has sought help and continues to undergo treatment and that during her interval of impairment certain omissions occurred for which she has immediately and fully accepted responsibility resulting in stipulations and sanctions with rehabilitation requirements upon which she has relied in good faith. Ms. Roberts maintains that she is committed to abiding by the sanctions in order to restore her to her prior level of practice.

### A. Mitigating Factors

In reaching an agreement, both the ODC and Ms. Roberts considered the mitigating factors surrounding Ms. Roberts' situation. "Mitigating factors in a lawyer disciplinary proceeding are any considerations or factors that may justify a reduction in the degree of discipline to be imposed." Syllabus Point 2, *Lawyer Disciplinary Bd. v. Scott*, 213 W.Va. 209, 579 S.E.2d 550 (2003). The *Scott* opinion in Syllabus Point 3 further explained that,

> [m]itigating factors which may be considered in determining the appropriate sanction to be imposed against a lawyer for

violating the Rules of Professional Conduct include: (1) absence of a prior disciplinary record; (2) absence of a dishonest or selfish motive; (3) personal or emotional problems; (4) timely good faith effort to make restitution or to rectify consequences of misconduct; (5) full and free disclosure to disciplinary board or cooperative attitude toward proceedings; (6) inexperience in the practice of law; (7) character or reputation; (8) physical or mental disability or impairment; (9) delay in disciplinary proceedings; (10) interim rehabilitation; (11) imposition of other penalties or sanctions; (12) remorse; and (13) remoteness of prior offenses.

Ms. Roberts has practiced law since 1977 and had not received any prior discipline from the Lawyer Disciplinary Board of this Court. Additionally, it was demonstrated that she was suffering from both physical and psychological stress due to certain personal situations, and that this condition was a contributing cause of her actions. Specifically, Ms. Roberts had a series of five surgeries during a period of years on her back and neck leaving her with pain and discomfort and chronic pain syndrome creating a physical and emotional impact on her ability to practice law. Ms. Roberts also sought treatment from psychologists at West Virginia University and Nashville, Tennessee to enable her to better deal with stress, chronic pain, and other related effects. During this same period, Ms. Roberts had additional stress due to the termination of her marriage and her responsibilities at her law office. Moreover, subsequent to the filing of the Statement of Charges, on November 4, 2003, Ms. Roberts voluntarily agreed to an eight to nine week absence from her law office for the purpose of medical treatment and rehabilitation which included pain clinic evaluation and review by physicians in physical medicine and rehabilitation. She also had a series of lumbar and cervical epidermal injections to ease her pain helping her to focus on the practice of law and to allow an appropriate response to her clients' needs and demands.

### B. Aggravating Factors

In addition to the mitigating factors in Ms. Roberts' case, several aggravating

factors were considered. "Aggravating factors in a lawyer disciplinary proceeding are any considerations or factors that may justify an increase in the degree of discipline to be imposed." Syllabus Point 4, *Scott.* Ms. Roberts' pattern of misconduct mainly surrounded her representation of Ms. Rollins. Ms. Roberts committed multiple violations of the Rules of Professional Conduct by failing to diligently represent Ms. Rollins. Specifically, Ms. Roberts failed to adequately communicate with her client. In addition, she breached various duties to her client and the circuit court through inaction, which had the potential to cause serious, irreparable harm to Ms. Rollins.

### C. Appropriate Sanctions

■ The Hearing Panel Subcommittee recommended the following sanctions to this Court suggesting that Ms. Roberts:

1.) Be reprimanded for her conduct;

2.) That Ms. Roberts undergo one additional year of supervised practice, for a total of two years of supervised practice. The supervisor would be nominated by Ms. Roberts and approved by ODC. The supervised practice is to be governed by a written agreement between the supervisor, Ms. Roberts and ODC;

3.) That the supervising attorney be an attorney outside of Ms. Roberts' law firm;

4.) That Ms. Roberts properly refund the complainant, Ms. Teresa Lucente Rollins (hereinafter, "Ms.Rollins"), with an itemized statement of her billing and issue the return of the unearned funds;

5.) That if Ms. Roberts and the Complainant do not agree to the amount of funds to be refunded, they voluntarily agree to make a good faith effort to resolve the fee dispute through the West Virginia State Bar Voluntary Fee Dispute Resolution Program;

6.) That Ms. Roberts properly withdraw as counsel from an underlying case with the ODC (I.D. No. 10-02-304) wherein she is listed as counsel for another Respondent;

7.) That Ms. Roberts maintain a good psychiatric/psychological state and provide assurances to the ODC that these problems do not effect her ability to practice;

8.) That for a period of one year, Ms. Roberts undergo comprehensive psychological counseling and provide evidence of the same to the ODC upon request. The Hearing Panel Subcommittee recommended that Ms. Roberts undergo treatment at a minimum of once a month for the first year of her supervised practice and provide evidence of the same to the ODC;

9.) That Ms. Roberts agrees that willful failure to fully and timely respond to ethics complaints during her two years of supervised practice will result in an immediate ninety day suspension from the practice of law upon motion of the ODC to the West Virginia Supreme Court of Appeals; and

10.) That Ms. Roberts be ordered to reimburse the Board the costs of these proceedings pursuant to Rule 3.15 of the Rules of Lawyer Disciplinary Procedure in the amount of $528.20.

As noted above, on September 30, 2003, we rejected the recommendations and ordered both parties to file legal briefs with this Court. After fully reviewing the circumstances of this case, we agree with seven of the ten sanctions. Therefore, we accept and adopt the Board's recommended sanctions against Ms. Roberts with regard to recommended sanction numbers 1, 2, 4, 5, 7, 8, and 10. We find those recommended sanctions to be adequate sanctions entered into and agreed upon by Ms. Roberts and the ODC. Our concern, however, lies with recommended sanction numbers 3, 6, and 9.

■ In fashioning an appropriate sanction, this Court is mindful of its prior holding that,

" '[i]n deciding on the appropriate disciplinary action for ethical violations, this Court must consider not only what steps would appropriately punish the respondent attorney, but also whether the discipline imposed is adequate to serve as an effective deterrent to other members of the Bar and at the same time restore public confidence in the ethical standards of the legal profession.' Syllabus Point 3, *Committee on Legal Ethics v. Walker,* 178 W.Va. 150, 358 S.E.2d 234 (1987)." Syllabus Point 5,

*Committee on Legal Ethics v. Roark,* 181 W.Va. 260, 382 S.E.2d 313 (1989). Syllabus Point 7, *Office of Disciplinary Counsel v. Jordan,* 204 W.Va. 495, 513 S.E.2d 722 (1998). *Accord* Syllabus Point 5, *Lawyer Disciplinary Bd. v. Sims,* 212 W.Va. 463, 574 S.E.2d 795 (2002) (per curiam). "[A]ttorney disciplinary proceedings are primarily designed to protect the public, to reassure it as to the reliability and integrity of attorneys and to safeguard its interest in the administration of justice." *Committee on Legal Ethics v. Keenan,* 192 W.Va. 90, 94, 450 S.E.2d 787, 791 (1994).

▮▮▮▮ Initially, we note that recommendation number 3 suggests Ms. Roberts be supervised by an attorney outside of her law firm. Given the fact that Ms. Roberts is currently an attorney at an outstanding law firm, we feel that it is cumbersome and unnecessary for her to be supervised by outside counsel. It should be quite adequate that she be supervised by one of the many capable attorneys at her present law firm. Therefore, we amend recommendation number 3 of the proposed list of sanctions and modify it to the extent that the supervising attorney may be from within her current law firm. Secondly, we strike recommendation number 6 which suggests that Ms. Roberts withdraw as counsel in another case. As of October 8, 2004, this recommendation is moot due to the fact that Ms. Roberts no longer represents the attorney involved in the separate disciplinary matter. Finally, recommendation number 9 is to be struck from the recommended sanctions imposed upon Ms. Roberts. It provides that willful failure to fully and timely respond to ethics complaints during her two years of supervised practice will result in an immediate ninety-day suspension. That particular sanction amounts to a prospective sanction. If Ms. Roberts, or any attorney for that matter, fails to respond to an ethics complaint at a future indeterminate date, they are well aware of the potential sanctions for such conduct. Thus, imposing a sanction on an event which may never occur is completely unnecessary.

From the record before us it is apparent that Ms. Roberts and the Lawyer Disciplinary Board discussed the proposed sanctions thoroughly and both agreed to them. We believe the sanctions, with the exception of numbers 3, 6, and 9, appropriately hold Ms. Roberts accountable for her past actions as well as set forth a plan to prevent similar future conduct. We also believe that such sanctions will act as a deterrent to both Ms. Roberts and other attorneys who have engaged in similar conduct. Moreover, the agreed upon sanctions will act to deter other lawyers from similar conduct and will help to reassure the public confidence in the integrity of the profession. Finally, Ms. Roberts believes that the recommended sanctions are fair and meet the dual objectives of preserving public confidence in the legal profession and judicial process.

## IV.

### CONCLUSION

For the foregoing reasons, we adopt the recommended sanctions numbered 1, 2, 4, 5, 7, 8, and 10 as set forth by the Board. In addition, we adopt recommended sanction number 3, as modified, and decline to adopt recommended sanction numbers 6 and 9, for the reasons provided herein.

Reprimanded.