697 S.E.2d 37

**STATE of West Virginia ex rel. Jay M. POTTER, Petitioner,**

v.

**OFFICE OF DISCIPLINARY COUNSEL OF the STATE of West Virginia, Respondent.**

No. 35337.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 10, 2010.

Decided April 1, 2010.

Jay M. Potter, Pro se, Petitioner.

Rachael L. Fletcher Cipoletti, Office of Disciplinary Counsel, for the Respondent.

PER CURIAM:

This is an original proceeding in mandamus filed by Jay M. Potter ("Petitioner"), against the Office of Disciplinary Counsel ("Respondent").[1] Petitioner seeks an order from this court directing that Respondent remove from its files two copies of a compact disc ("CD") and two copies of the transcript thereof, which were obtained by Respondent in connection with an ethics complaint filed by Petitioner against his estranged wife, a lawyer practicing in the State of West Virginia. As discussed in more detail below, Petitioner avers that the CDs and transcripts are the products of a cassette tape which recorded a personal and private communication between Petitioner and a third party and which, Petitioner argues, are not relevant to the ethics complaint he filed against his estranged wife.

This Court issued a rule to show cause and, upon careful consideration of the parties' written and oral arguments and the relevant law, concludes that relief in mandamus is not warranted and is, therefore, denied.

I. Factual and Procedural Background

For the most part, the relevant facts which precipitated the present petition are undisputed.

A.

On or about May 4, 2006, Petitioner filed an ethics complaint with the Lawyer Disciplinary Board ("LDB") against his estranged wife, Maria Marino Potter, a lawyer. The parties were in the midst of divorce proceedings. According to the ethics complaint, two years earlier, on May 4, 2004, Ms. Potter appeared at the law firm where Petitioner, who is also a lawyer, is employed. Petitioner alleged that although Ms. Potter knew he was out of town and would not be in the office that day, she went into Petitioner's office and rifled through unmarked boxes, some of which contained confidential client information. Ultimately, Ms. Potter removed only items that were personal to Peti-

---

1. This case was presented as a petition for writ of prohibition. However, this Court has clearly indicated that "prohibition lies not only to judicial tribunals, but to inferior ministerial tribunals possessing incidentally judicial powers and known as quasi-judicial tribunals. This includes administrative tribunals having quasi-judicial power when acting in a quasi-judicial capacity." *State ex rel. Affiliated Const. Trades v. Vieweg*, 205 W.Va. 687, 692, 520 S.E.2d 854, 859 (1999) (internal citations omitted). Under the Rules of Lawyer Disciplinary Procedure, as established by this Court, the duties, responsibilities and authority of the Office of Disciplinary Counsel, the respondent herein, are, in relevant part, prosecu-

torial in nature and are neither judicial nor quasi-judicial. *See e.g.,* Rules 4 and 4.4 of the Rules of Lawyer Disciplinary Procedure. Thus, a remedy in prohibition does not lie in this proceeding and, consequently, the requested writ of prohibition will not be issued. However, even though Petitioner did not plead in the alternative, this Court has, in past cases, treated a request for relief in prohibition as a petition for writ of mandamus if so warranted by the facts. *See Vieweg*, 205 W.Va. at 692, 520 S.E.2d at 859; *Carr v. Lambert*, 179 W.Va. 277, 278 n. 1, 367 S.E.2d 225, 226 n. 1 (1988). Accordingly, we consider the present petition as a request for mandamus relief.

tioner. Ms. Potter later returned the items to Petitioner after he contacted her and demanded that she return them.

Two years later, on May 4, 2006, Petitioner filed with the LDB an ethics complaint against her [2] pursuant to Rule 8.3 of the Rules of Professional Conduct.[3]

Pursuant to Rule 2.5 of the Rules of Lawyer Disciplinary Procedure, Ms. Potter filed a verified response to the complaint [4] which included two copies of a CD and two copies of the transcript thereof produced from a cassette tape recording of a personal communication between Petitioner and a third party.[5] According to Respondent, Ms. Potter filed the CDs and transcripts as part of her defense to the ethics complaint.[6] More specifically, according to Ms. Potter, they supported her theory that Petitioner filed the complaint because he was angry with her over events related to their divorce and *unrelated* to the fact that Ms. Potter took personal items from Petitioner's office two years earlier. Thus, Respondent argues, Ms. Potter believed the CDs and transcripts to be relevant to her defense.

Following an investigation into the ethics complaint, the Investigative Panel of the Lawyer Disciplinary Board ordered the complaint closed.[7] Accordingly, no formal charges were filed against Ms. Potter.

---

**2.** Ordinarily, a party who files an ethics complaint against a lawyer does not allege specific violations of the Rules of Professional Conduct. However, in his ethics complaint against Ms. Potter, Petitioner alleged that she violated Rule 8.4 of the Rules of Professional Conduct, "misconduct," which provides, in relevant part:

It is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

. . . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]

**3.** Rule 8.3 of the Rules of Professional Conduct, "reporting professional misconduct," provides, in relevant part:

(a) A lawyer having knowledge that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority.

**4.** Respondent originally requested that Ms. Potter send a copy of her response directly to Petitioner. However, we note that there is nothing in the Rules of Lawyer Disciplinary Procedure which requires a respondent lawyer to serve a copy of his or her response to the complaining party. Thereafter, Ms. Potter indicated to Respondent that she did not wish to send a copy of her response to Petitioner in light of their contentious and ongoing divorce proceedings.

**5.** According to Petitioner, he and a friend with whom he served in the military have communicated via cassette tape for more than thirty years. Petitioner explained that after one of them records a message, it is mailed to the other, who then listens to the message, records his own message over it, and mails it back. According to Petitioner, neither he nor his friend have ever shared the recorded messages with another person. Petitioner further explained that Ms. Potter was well aware of the cassette exchange, which occurred approximately once a month.

Petitioner alleged that Ms. Potter was also aware that Petitioner routinely recorded the letters to his friend in the privacy of his automobile and that she unlawfully obtained the tape from his car. However, Ms. Potter claimed that she took the tape from the parties' marital home. *See* Discussion, *infra.*

**6.** A copy of Ms. Potter's response to the ethics complaint is not a part of the record before this Court. However, according to the Lawyer Disciplinary Board Investigative Panel Closing report, entered May 15, 2007, Ms. Potter asserted that she arrived at Petitioner's law office in order to speak with him, unaware that he was not going to be there. She further alleged that

she was not in [Petitioner's] law office for any extended period of time, contrary to [Petitioner's] assertion that she was in his office long enough to 'conduct a systematic search' of the boxes contained therein. However, [Ms. Potter] did admit that she removed a folder from [Petitioner's] office that contained personal information but later returned it. [Ms. Potter] stated she did not copy the material in the file folder and only reviewed it briefly. [Ms. Potter] finally stated that the issue of her taking the file from [Petitioner's] office was not an issue *until [Petitioner] became angry with [Ms. Potter] over unrelated events and that this ethics complaint is in retaliation of the same.*

(Emphasis added) Lawyer Disciplinary Board Investigative Panel Closing, May 15, 2007, at pp. 3–4.

**7.** In its May 12, 2007, report, the Investigative Panel concluded that "[d]espite the motivation behind filing the complaint, knowingly and wrongfully removing files from a lawyer's office for use in any proceeding is a serious matter." Lawyer Disciplinary Board Investigative Panel

### B.

On or about February 11, 2008, Petitioner filed a second ethics complaint against Ms. Potter and also filed a complaint against the lawyer representing her in the parties' divorce. The allegations in both complaints related primarily to the CDs and transcripts which are the subject of the present petition before this Court. Petitioner alleged, *inter alia*, that while Petitioner, Ms. Potter and their respective lawyers were at the marital residence for a scheduled personal property appraisal, Ms. Potter snuck into Petitioner's car and took from it the cassette tape described above. For her part, Ms. Potter claimed that Petitioner inadvertently left the tape at the marital home. In any event, it is undisputed that Ms. Potter proceeded to have the tape transcribed and copied onto CD.

By letters dated February 21, 2008, Respondent advised Petitioner that the ethics complaints he filed against Ms. Potter and her lawyer do not constitute violations of the Rules of Professional Conduct and the matters were closed without further action.[8]

### C.

On or about May 18, 2009, Petitioner learned that Ms. Potter had previously filed copies of the CD and transcript with Respondent in support of her defense to the first ethics complaint filed by Petitioner in May 2006. By letters to Respondent dated July 22, 2009, and August 17, 2009, Petitioner requested, *inter alia*, that the CDs and transcripts be removed from Respondent's files. The Investigative Panel denied Petitioner's request and, by letter of September 29, 2009, advised Petitioner that "disciplinary files in the possession of the Office of Disciplinary Counsel are confidential. Therefore, the written response and evidence previously submitted by Ms. Potter in response to the complaints remain sealed."

On October 30, 2009, Petitioner filed with this Court a petition for writ of prohibition, which, as indicated above, this Court considers as a petition for writ of mandamus. *See* n. 1, *supra*. Petitioner seeks an order requiring Respondent to remove the CDs and transcripts from its files. Petitioner further requests that they be destroyed or given to him. By order entered November 24, 2009, this Court awarded a rule to show cause and oral argument was conducted on February 10, 2010.

### II. Standard of Review

 This Court's original jurisdiction in mandamus proceedings derives from Art. VIII, § 3, of The Constitution of West Virginia. Its jurisdiction is also recognized in Rule 14 of the West Virginia Rules of Appellate Procedure and *W.Va.Code* § 53–1–2 (1933). The purpose of mandamus is to enforce "an established right" and a "corresponding imperative duty created or imposed by law." *State ex rel. Ball v. Cummings*, 208 W.Va. 393, 398, 540 S.E.2d 917, 922 (1999). It " 'is a proper remedy to require the performance of a nondiscretionary duty by various governmental agencies or bodies.' " *Id.* Moreover, " '[m]andamus lies to control the action of an administrative officer in his discretion when such action is arbitrary or capricious.' " *Vieweg*, 205 W.Va. at 693, 520 S.E.2d at 860.

 Finally, we held in syllabus point 1 of *State ex rel. East End Ass'n. v. McCoy*, 198 W.Va. 458, 481 S.E.2d 764 (1996), that

" ' " 'Before this Court may properly issue a writ of mandamus three elements must coexist: (1) the existence of a clear right in

---

Closing, May 12, 2007, p. 4. The Investigative Panel acknowledged, however, that "the parties are involved in contentious divorce proceedings[,]" which mitigate in favor of Ms. Potter. The Investigative Panel further reported that "in reviewing [Ms. Potter's] history as a member of this Bar, her conduct in this case appears to be an isolated incident of poor judgment." Ms. Potter was "strongly cautioned about her conduct in this matter and warned that similar conduct in the future may result in disciplinary action." Id.

8. Respondent further advised Petitioner that the allegations regarding the cassette tape involve "factual and legal issues that are beyond the jurisdiction of this office to decide. This is a dispute regarding the acquisition, use and return of your personal property in your divorce proceeding. Moreover, you state that a March hearing is currently scheduled with regard to this matter." February 21, 2008, letter from Respondent to Ms. Potter.

the petitioner to the relief sought; (2) the existence of a legal duty on the part of respondent to do the thing the petitioner seeks to compel; (3) the absence of another adequate remedy at law.' Syllabus Point 3, *Cooper v. Gwinn,* 171 W.Va. 245, 298 S.E.2d 781 (1981)." Syl. pt. 1, *Meadows v. Lewis,* 172 W.Va. 457, 307 S.E.2d 625 (1983).' Syl. pt. 2, *State ex rel. Blankenship v. Richardson,* 196 W.Va. 726, 474 S.E.2d 906 (1996)."

As we shall explain below, Petitioner has failed to satisfy that he has either a clear right to the relief sought or that Respondent has a legal duty to perform that which Petitioner seeks. Accordingly, a writ of mandamus will not issue.

### III. Discussion

 The duties, responsibilities and overall authority of Respondent were established by this Court and are set forth in the Rules of Lawyer Disciplinary Procedure.[9] Among other things, Respondent is charged with the investigation, prosecution and administration of ethics complaints. *See* Rules 4, 4.4 and 4.6 of the Rules of Lawyer Disciplinary Procedure. In the instant matter, Respondent represents, and Petitioner does not dispute, that Respondent thoroughly complied with the Rules of Lawyer Disciplinary Procedure ("Rules") upon the filing of the ethics complaint by Petitioner against Ms. Potter in May 2006.

According to Respondent, it evaluated and investigated the complaint pursuant to Rule 2.4(a). Pursuant to Rule 2.5, Respondent notified Ms. Potter of the nature of the complaint and directed that she file a verified response by a certain date.

Thereafter, Respondent reported the matter to the Investigative Panel at its May 12, 2007, meeting, pursuant to Rule 2.4(b)(2). As required by Rule 2.8(a), following an investigation, Respondent reported its findings to the Investigative Panel. The Investigative Panel determined there was no probable cause and issued its Lawyer Disciplinary Board Investigative Panel Closing report, on May 15, 2007, pursuant to Rule 2.9(b). The

report and a copy of the initial complaint were placed in Ms. Potter's public file, pursuant to both Rule 2.9(b) and syllabus point 6 of *Daily Gazette Co., Inc. v. Committee on Legal Ethics,* 174 W.Va. 359, 360, 326 S.E.2d 705, 706 (1984), which held that "[o]nce a complaint of unethical conduct in an attorney disciplinary proceeding is dismissed for lack of probable cause, the public has a right of access to the complaint and the findings of fact and conclusions of law which are presented in support of such dismissal."

Respondent further represents, and Petitioner does not dispute, that the remainder of Ms. Potter's complaint file, *including the CDs and transcripts,* was filed and secured in Respondent's closed file room. As required by Rule 2.6, the details of the investigation into the complaint conducted by Respondent (including the CDs and transcripts) were, and have remained, confidential.

Additionally, Respondent is charged with preserving the records relating to ethics complaints filed with the LDB. Specifically, Rule 4.4(10) authorizes Respondent to "maintain permanent records of discipline and disability matters[.]"

The relief Petitioner seeks is the removal of the CDs and transcripts from Ms. Potter's closed file. He further requests that they be destroyed or given to him. Petitioner argues they consist of a "personal and private" communication to a third party and as such, are not relevant to the ethics complaint he filed against Ms. Potter. In contrast, Respondent contends that Ms. Potter filed the CDs and transcripts with the LDB because she believed they supported her position that Petitioner did not file the complaint in good faith or for a legitimate purpose, but in retaliation over events related to the parties' divorce. In Ms. Potter's view, Petitioner's own words on the CDs and transcripts were proof of his impure motives.

 The CDs and transcripts are a part of the permanent record relating to the ethics complaint filed against Ms. Potter by Petitioner. The Rules do not authorize Respondent to remove any portion of the records

---

9. Rule 4 of the Rules of Lawyer Disciplinary Procedure states, in relevant part, that "[t]he Supreme Court of Appeals does hereby establish an Office of Disciplinary Counsel[.]"

relating to disciplinary matters. Indeed, Respondent may not exercise authority other than that which is conferred upon it by the Rules of Lawyer Disciplinary Procedure as promulgated by this Court. *See* Syl. pt. 2, in part, *Coll v. Cline*, 202 W.Va. 599, 505 S.E.2d 662 (1998) ("Administrative agencies and their executive officers are creatures of statute and delegates of the Legislature. Their power is dependent upon statutes, so that they must find within the statute warrant for the exercise of any authority which they claim." (internal quotations omitted)).

Based upon the foregoing, it is apparent to this Court that Respondent acted in complete conformity with the Rules of Lawyer Disciplinary Procedure in this matter. Furthermore, there is no provision in the Rules which requires or authorizes Respondent to remove any portion of Ms. Potter's file. We conclude, therefore, that Petitioner does not have a clear right to the removal of the CDs and transcripts from Ms. Potter's closed file, nor does Respondent have some corresponding legal duty to remove them. Syl. Pt. 1, *McCoy*, 198 W.Va. at 460, 481 S.E.2d at 766. Petitioner has thus failed to establish that a petition for writ of mandamus should issue. Accordingly, we deny the writ.[10]

### IV. Conclusion

For the reasons discussed herein, the petition for writ of mandamus is hereby denied.

Writ denied.

---

10. This Court has consistently declared that " 'attorney disciplinary proceedings are primarily designed to protect the public, to reassure it as to the reliability and integrity of attorneys and to safeguard its interest in the administration of justice.' " *Lawyer Disciplinary Bd. v. Roberts*, 217 W.Va. 189, 197, 617 S.E.2d 539, 547 (2005) (quoting *Committee on Legal Ethics v. Keenan*, 192 W.Va. 90, 94, 450 S.E.2d 787, 791 (1994)). As set forth above, when an ethics complaint is dismissed for lack of probable cause (as in the case of Petitioner's complaint against Ms. Potter), only the initial complaint and Investigative Panel's report closing the mat-

ter are publicly accessible. *See* Rule 2.9(b) of the Rules of Lawyer Disciplinary Procedure and syl. pt. 6, *Daily Gazette*, 174 W.Va. at 360, 326 S.E.2d at 706. The remainder of the record in such cases is sealed. The sealed record includes details of the investigation, exhibits and other evidence supporting the Investigative Panel's decision to dismiss the matter. The Rules of Lawyer Disciplinary Procedure do not allow the removal or destruction of any portion thereof. Thus, the public can be assured that such records, though not open to their inspection, nevertheless remain intact and unaltered.