**State of West Virginia ex rel. Rachel E. Romano,**
**Harrison County Prosecuting Attorney,**
**Petitioner,**

**vs) No. 19-0448**

**West Virginia Office of Disciplinary Counsel**
**and West Virginia Lawyer Disciplinary Board,**
**Respondents.**

**FILED**
**November 20, 2019**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner, Rachel E. Romano, the Harrison County Prosecuting Attorney ("Ms. Romano"), by counsel Michael W. Carey and David R. Pogue, endeavors to invoke this Court's original jurisdiction in prohibition to prevent the Respondents, the West Virginia Office of Disciplinary Counsel ("the ODC") and the West Virginia Lawyer Disciplinary Board ("the LDB") (collectively "the Respondents"), who are represented by Ancil G. Ramey and Rachael L. Fletcher Cipoletti, from taking disciplinary action against her based upon a purported conflict of interest, under Rule 1.7(a)(2) of the West Virginia Rules of Professional Conduct ("Rules of Professional Conduct"), arising from her marital relationship with a Harrison County Deputy Sheriff. The Respondents contend that prohibition is not proper and would result in an advisory opinion.

Upon consideration of the parties' briefs, their oral arguments, and the appendix record, this Court concludes that Ms. Romano lacks standing to seek the requested writ of prohibition. In order to explain the merits of this procedural determination, this Court has concluded that a memorandum decision, rather than an order, is appropriate under Rule 21 of the Rules of Appellate Procedure.[1]

The facts presented in connection with this proceeding are not disputed. In January 2015, while serving as an assistant prosecuting attorney in Harrison County, West Virginia, Ms. Romano married Corey Heater, who was employed as a Harrison County Deputy

---

[1] We wish to acknowledge the participation in this matter of amicus curiae, the West Virginia Prosecuting Attorneys Association, represented by Mark A. Sorsaia, the Prosecuting Attorney for Putnam County, who filed a brief in support of granting a writ of prohibition to Ms. Romano.

Sheriff. Shortly thereafter, in March 2015, Ms. Romano was appointed by the Harrison County Commission to serve as the Prosecuting Attorney for the county. Ms. Romano continued to serve as the Appointed Prosecuting Attorney for Harrison County until November 2016, when she was duly elected to the position of Harrison County Prosecuting Attorney for a four-year term. Ms. Romano's husband has remained a Harrison County Deputy Sheriff throughout the time she has served as either the Appointed or Elected Prosecuting Attorney for Harrison County.

Nearly three years after Ms. Romano first began serving as the Prosecuting Attorney, she received an "Informal Complaint"[2] from the ODC dated January 17, 2018. The "Informal Complaint" was accompanied by copies of two indictments returned by the Harrison County Grand Jury from its May 2017 term, for which Ms. Romano's husband, as the investigating officer, had provided the only testimony before the grand jury upon which the indictments were founded.[3] The "Informal Complaint" further expressed that the Chief Lawyer Disciplinary Counsel for the ODC had "grave concerns" about the situation and explained to Ms. Romano that, "[a]s the elected prosecutor, you have a conflict under Rule 1.7(a)(2) of the Rules of Professional Conduct[4] that precludes your

---

[2] The "Informal Complaint" was assigned a number and resembled a formal document. We note that there is nothing in the West Virginia Rules of Lawyer Disciplinary Procedure identifying an "Informal Complaint" or explaining the impact of such a document. During oral argument, counsel for the Respondents clarified that the "Informal Complaint" was assigned a number merely for record keeping purposes and that the "Informal Complaint" does not trigger disciplinary proceedings as would the filing of formal charges.

[3] Ms. Romano had not personally presented these cases to the grand jury. Instead, they were presented by one of her assistant prosecuting attorneys. However, *if* Ms. Romano is disqualified from participating in a case due to a conflict, then her subordinate assistant prosecutors likewise are disqualified. *See* Syl. pt. 1, *Moore v. Starcher*, 167 W. Va. 848, 280 S.E.2d 693 (1981) ("As a rule, the disqualification of a prosecuting attorney operates to disqualify his [or her] assistants."). In our resolution of this matter, we do not reach the question of whether Ms. Romano does, in fact, have a conflict.

[4] Pursuant to Rule 1.7(a)(2) of the West Virginia Rules of Professional Conduct,

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

. . . .

2

office from handling cases where your husband was the investigating officer, or where your husband has supervisory authority over the officer." Ms. Romano was asked to provide a written response within ten days of receiving the "Informal Complaint."

In a letter responding to the "Informal Complaint," which was transmitted by United States mail and by email to the Chief Lawyer Disciplinary Counsel for the ODC, Ms. Romano explained that, upon marrying Deputy Heater, she reviewed Rule 1.7 and this Court's opinion in *State v. Ladd*, 210 W. Va. 413, 557 S.E.2d 820 (2001),[5] and implemented various procedures she felt were consistent with the Rules of Professional Conduct. These procedures included routine disclosure of her relationship to Deputy Heater for purposes of allowing any defendant to cross-examine him regarding his marital relationship with Ms. Romano. In this regard, Ms. Romano expressed her belief that, as a result of this routine disclosure, her martial relationship with Deputy Heater was commonly known by members of the criminal defense bar. In addition, Ms. Romano related that she excluded herself from personally participating in any matter in which Deputy Heater would likely be called as a witness, even though she believed she was fully permitted to participate in such actions pursuant to the *Ladd* decision. With respect to the two indictments included with the "Informal Complaint," Ms. Romano clarified that they had been handled by an assistant prosecuting attorney.

By prompt email response, Chief Lawyer Disciplinary Counsel stated to Ms. Romano, in relevant part:

As you are the elected prosecutor, you may not screen yourself off from a conflict of interest in your office as you described in your letter, thus please understand that is not an acceptable means to address the conflict of interest. Moreover, the case you cite deals with disqualification not whether a conflict of interest is present under the Rule of Professional Conduct exists [sic] and would subject a lawyer to disciplinary sanction. I would urge you

---

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Paragraph (b) of Rule 1.7 provides conditions under which a lawyer may represent a client notwithstanding a conflict. Because we do not reach the question of whether Ms. Romano has a conflict, we need not discuss this rule in detail in connection with the instant matter.

[5] In *State v. Ladd*, 210 W. Va. 413, 557 S.E.2d 820 (2001), this Court found that the trial court did not err in denying the defendant's motion to disqualify an assistant prosecuting attorney who was married to a local law enforcement officer when that officer was called to testify on behalf of the State during the defendant's trial, and where the assistant prosecuting attorney conducted the examination of her husband.

to review case law which distinguishes the same – *State ex rel. Clifford v. W. Virginia Office of Disciplinary Counsel*, 231 W. Va. 334, 745 S.E.2d 225 (2013).[6]

> If this is your answer in its entirety, please let me know. If so, *I will review and determine whether a formal complaint needs to be docketed against you.*

(Emphasis added).

Ms. Romano then filed her petition for writ of prohibition against the Respondents in this Court on May 10, 2019. The Respondents filed their joint response, and this Court issued a rule to show cause on September 5, 2019. On September 26, the Respondents filed a motion to dismiss. The motion was deferred and oral argument was had on November 5, 2019.[7]

In urging this Court to grant her petition for a writ of prohibition, Ms. Romano contends that prohibition is the proper remedy to resolve this dispute and claims that she has standing to petition this Court in prohibition because the ODC has sua sponte initiated an investigation into her possible commission of ethical violations and has threatened to pursue formal charges should she fail to adhere to the ODC's position as to the proper application of Rule 1.7(a)(2) of the Rules of Professional Conduct. Ms. Romano claims that, in order to comply with the ODC's position with respect to Rule 1.7(a)(2), she already has been required to appoint a special prosecutor in at least eight separate matters, and she anticipates many more such appointments unless this Court grants her requested writ. The Respondents, in turn, argue that Ms. Romano seeks an improper advisory opinion insofar as no formal charges have been filed against her at this time.

---

[6] *State ex rel. Clifford v. West Virginia Office of Disciplinary Counsel*, 231 W. Va. 334, 745 S.E.2d 225 (2013), held in Syllabus point 3:

> A circuit court's denial of a motion to disqualify an attorney in a pending case based upon an alleged conflict of interest in representing a client does not foreclose disciplinary action against that attorney based upon that alleged conflict of interest. The circuit court's denial of the motion to disqualify merits consideration in the determination of whether discipline should be imposed. However, whether the attorney's conduct warrants professional discipline is a separate issue, and this Court will exercise its own independent judgment in determining whether sanctions are warranted.

[7] Our disposition of this matter by Memorandum Decision renders moot the motion to dismiss filed by the ODC and the LDB.

With regard to disciplinary proceedings, this Court has advised that "a writ of prohibition is an extraordinary remedy that is seldom granted in legal ethics matters." *State ex rel. Scales v. Committee on Legal Ethics of the West Virginia State Bar*, 191 W. Va. 507, 512, 446 S.E.2d 729, 734 (1994) [(per curiam)].

*State ex rel. Clifford v. W. Va. Office of Disciplinary Counsel*, 231 W. Va. 334, 338, 745 S.E.2d 225, 229 (2013).

When this Court has found prohibition to be a proper means to address disciplinary proceedings, we have done so only where a statement of charges has already been issued by the ODC. *Compare Clifford*, 231 W. Va. 334, 745 S.E.2d 225 (granting as moulded petition for writ of prohibition that was filed after statement of charges had been issued against petitioner); *State ex rel. York v. W. Va. Office of Disciplinary Counsel*, 231 W. Va. 183, 744 S.E.2d 293 (2013) (addressing petition for writ of prohibition that was filed by petitioner after statement of charges had been issued, and ultimately denying writ); *State ex rel. Scales v. Comm. on Legal Ethics of W. Va. State Bar*, 191 W. Va. 507, 446 S.E.2d 729 (1994) (per curiam) (granting petition for writ of prohibition that was filed after committee voted to find probable cause and scheduled matter for hearing), *with State ex rel. Morrisey v. W. Va. Office of Disciplinary Counsel*, 234 W. Va. 238, 764 S.E.2d 769 (2014) (declining to address petition for writ of prohibition where only informal advisory opinion had been rendered); *State ex rel. Potter v. Office of Disciplinary Counsel*, 226 W. Va. 1, 697 S.E.2d 37 (2010) (per curiam) (finding that remedy in prohibition did not lie in a proceeding against ODC that did not involve an active disciplinary proceeding, because no *quasi-judicial* powers were being exercised).

In the absence of formal charges filed pursuant to Rule 2.10 of the West Virginia Rules of Lawyer Disciplinary Procedure,[8] there is no quasi-judicial activity to warrant a writ of prohibition. *See State ex rel. Affiliated Const. Trades v. Vieweg*, 205 W. Va. 687, 692, 520 S.E.2d 854, 859 (1999) (per curiam) ("[P]rohibition lies not only to judicial tribunals, but to inferior ministerial tribunals possessing incidentally judicial powers and known as quasi-judicial tribunals. . . . This includes administrative tribunals having quasi-judicial power *when acting in a quasi-judicial capacity*." (emphasis added) (internal citations omitted)). *See also State ex rel. Potter,* 226 W. Va. at 2 n.1, 697 S.E.2d at 38 n.1

---

[8] Under Rule 2.10 of the West Virginia Rules of Lawyer Disciplinary Procedure,

> [a]fter reasonable notice to the Office of Disciplinary Counsel and the lawyer, the formal charge shall be filed by the Investigative Panel with the Clerk of the Supreme Court of Appeals. The formal charge shall inform the lawyer of the right to file a written response within thirty days of the date of service of the charge as set forth in Rule 2.11.

("Under the Rules of Lawyer Disciplinary Procedure, as established by this Court, the duties, responsibilities and authority of the Office of Disciplinary Counsel, the respondent herein, are, in relevant part, prosecutorial in nature and are neither judicial nor quasi-judicial.").

In the instant matter, the ODC has issued only an "Informal Complaint."[9] Although Ms. Romano would have us treat this document as a formal charge, we decline to do so. The last communication from the Chief Lawyer Disciplinary Counsel to Ms. Romano, by email, makes clear that no charges have been filed against her. The email expressly states "[i]f this is your answer in its entirety, please let me know. If so, *I will review and determine whether a formal complaint needs to be docketed against you*." (Emphasis added).[10] Thus, we have no basis upon which to accept a characterization of the document as being anything more than an informal advisory opinion.

This Court has made clear that prohibition is not a proper method for challenging an informal advisory opinion. *See Morrisey*, 234 W. Va. at 245, 764 S.E.2d at 776 ("The writ of prohibition is not designed to accord relief to a person who merely receives a requested advisory opinion with which he or she disagrees." (footnote omitted)).[11] Although *Morrisey* refers to a "requested" advisory opinion, this fact is of no moment. The critical factor is the lack of standing. Standing to seek a petition for writ of prohibition requires that the petitioner be *injuriously affected* by the action the petitioner seeks to prevent. In this regard, the *Morrisey* opinion explains:

> This Court has held that a petition for a writ of prohibition "may be maintained by any person *injuriously affected* by the action which he seeks to prevent[.]" *State ex rel. Gordon Mem'l Hosp. v. West Virginia State Bd. of Exam'rs for Registered Nurses*, 136 W. Va. 88, 105, 66 S.E.2d 1, 11 (1951) (emphasis added; internal quotations and citation omitted). The "injuriously affected" requirement to obtain a writ of prohibition was set out

---

[9] See note 2, *supra*, for a discussion of the "Informal Complaint."

[10] To date, no formal charges have been filed against Ms. Romano.

[11] Although the Court in *State ex rel. Morrisey v. W. Va. Office of Disciplinary Counsel*, 234 W. Va. 238, 764 S.E.2d 769 (2014), found that the petitioner therein, the West Virginia Attorney General, lacked standing to seek a writ of prohibition to prevent the ODC from enforcing an informal advisory opinion, the Court nevertheless found it necessary to address an important collateral issue, i.e., whether county prosecutors had authority to appoint the West Virginia Attorney General, or any of his assistant attorneys general, as a special prosecutor. The *Morrisey* Court was able to address this collateral issue without resolving the application of the Rules of Professional Conduct to the facts presented in that case. No such collateral issue is present in the instant matter.

succinctly in Syllabus point 6 of *State ex rel. Linger v. County Court of Upshur County*, 150 W. Va. 207, 144 S.E.2d 689 (1965), as follows:

> As a general rule any person who will be affected or injured by the proceeding which he seeks to prohibit is entitled to apply for a writ of prohibition; but a person who has no interest in such proceeding and whose rights will not be affected or injured by it can not [sic] do so.

*Accord In re Dandy*, 224 W. Va. 105, 106 n.1, 680 S.E.2d 120, 121 n.1 (2009).

*Morrisey*, 234 W. Va. at 244-45, 764 S.E.2d at 775-76. Insofar as the ODC has issued an advisory opinion and has taken no formal disciplinary action against Ms. Romano, she has not been injuriously affected and lacks standing to seek a writ of prohibition.[12]

Moreover, because there is no actual disciplinary proceeding underlying Ms. Romano's petition for writ of prohibition, this Court cannot provide Ms. Romano the relief she seeks without rendering an improper advisory opinion. As we observed in *Morrisey*, "'[c]ourts are not constituted for the purpose of making advisory decrees or resolving academic disputes. The pleadings and evidence must present a claim of legal right asserted by one party and denied by the other before jurisdiction of a suit may be taken.'" 234 W. Va. at 246, 764 S.E.2d at 777 (quoting *Mainella v. Bd. of Trs. of Policemen's Pension or Relief Fund of Fairmont*, 126 W. Va. 183, 185-86, 27 S.E.2d 486, 487-88 (1943)). Hence, "the writ of prohibition cannot be invoked[ ] to secure from th[is] Court . . . an advisory opinion[.]" *Morrisey*, 234 W. Va. at 246, 764 S.E.2d at 777 (quotations and citation omitted). Nevertheless, Ms. Romano's writ petition raises important issues that must be resolved. Insofar as we are unable to address the merits of the proper interpretation of Rule 1.7(a)(2) in the context herein presented without rendering an advisory opinion, we will endeavor to address the same in our rule making capacity, and we will proceed in that manner accordingly.

For the reasons set forth above, this case is dismissed as improvidently granted.

---

[12] In a footnote in her brief, Ms. Romano invites this Court to treat her petition as one seeking mandamus in the event that we conclude prohibition is improper; however, she fails to provide any argument whatsoever to show that the three elements required for issuance of a writ of mandamus are present in this matter. Thus, we decline to address it as such. *See, e.g.*, *Morrisey*, 234 W. Va. at 242 n.1, 764 S.E.2d at 773 n.1 (declining to address writ of mandamus where no petition seeking mandamus was filed and issue was not briefed).

Dismissed as improvidently granted.

**ISSUED:**     November 20, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison